IN THE MATTER OF WILLIAM BEGGS an Applicant for admission to the Bar.

Under the provisions of the act of 1871 (chap. 486, Laws of 1871) in relation to the qualifications of persons applying to be admitted to practice as attorneys, etc., it is for the General Term to satisfy itself of and to approve the applicant "for his good character and learning." The exercise of this discretionary power by the General Term cannot, ordinarily, be reviewed or interfered with by this court.

*It seems* that if the General Term should deny, in a particular case, that it had the legal power to admit, though satisfied that the applicant was possessed of the requisite qualifications, this court might review the order so far as to discover whether the power existed; so, also, if a clear case of abuse of discretion appeared this court might correct.

*In re The Graduates, etc.* (11 Abb. Pr., 301), distinguished.

An appeal from an order refusing to approve of the good character of an applicant, and denying his admission on that ground, cannot be sustained where the case furnished does not present all the facts before the General Term and upon which it acted.

(Submitted September 26, 1876; decided October 3, 1876.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department denying appellant's motion to set aside the report on character of a committee appointed to examine appellant on application for admission to practice as attorney and counselor and to admit said appellant.

The facts sufficiently appear in the opinion.

*William Beggs*, appellant, in person.

FOLGER, J. The statute (chap. 486, Laws of 1871) makes it the duty of the judges of this court, or a majority of them, to establish rules and regulations in relation to the admission

of persons applying to be admitted as attorneys, etc.   This is all the original power which that law confers upon this court, or the members of it.

It further provides that every male citizen aged twenty-one years, applying to be admitted, shall be examined by the justices of the Supreme Court, or a committee appointed by it, at a General Term ; and if he shall be found to have complied with the rules and regulations prescribed by the judges of the Court of Appeals, and shall be approved by the justices of the Supreme Court for his good character and learning, it shall direct an order to be entered stating the same, and thereupon such person shall be entitled to practice as an attorney, etc.   The approval is with the General Term of the Supreme Court alone.   It must be satisfied of the good character of the applicant.   It may inform itself on this head through the inquiries of a committee of counselors of its bar, and on the report of that committee it has the power of admitting or rejecting.   Such is the way in which it acted in this case.   It is a discretionary power, to be exercised upon a consideration of all the facts before it.   This court cannot interfere with the exercise of that discretion, in ordinary cases.   If the General Term should deny, in a particular case, that it had the legal power to admit, though satisfied that the applicant was possessed of sufficient legal acquirements, and had a good character, and was a male citizen of the age of twenty-one years (Laws of 1871, chap. 486, § 3), this court would review its order so far as to discover whether it had the power of admission in that case.   In the case *In re The Graduates, etc.* (11 Abb. Pr., 301), the General Term had denied the admission on the ground of the unconstitutionality of the law.   Or, if a clear case of abuse of discretion appeared, this court might correct.   This is the appellate power which it has.   Where the power of the General Term has been used, and it has, in the exercise of a temperate discretion, passed upon the reports of the committee presented to it, and weighed all the facts, this court is powerless to interfere, either to approve or disapprove.   It is for the General Term to determine whether the

applicant has or has not the qualifications of age, citizenship, acquirements and good character.

Such is this case. The committee upon the character of the applicant for admission declined to report favorably upon it, and based their declination upon matter appearing in certain papers issuing from him. The General Term, informed by this report, and on reading the testimony presented, not capriciously or willfully, but on judicial consideration thereof, decided that it could not grant the petition of the applicant. This court may not review that decision.

The appellant considers the case above cited (11 Abb., *supra*) as establishing his right to appeal. That case arose under the Constitution of 1846, by which any male citizen of the age of twenty-one years, of good moral character, and who possessed the requisite qualifications of learning and ability, should be entitled to admission to practice in all the courts of the State. (Const. 1846 [1 Edm. Stat., p. 52], art. 6, § 8.) " The Constitution conferred the absolute right of admission upon every one possessing the requisite qualifications. * * * It being ascertained that the applicant possessed the requisite qualifications his admission followed as a legal necessity. * * * The proceedings upon such an application are to be regarded as of a judicial nature." (11 Abb., *supra*, p. 328.) It was held that the right was a substantial one; that the order of the General Term affected it; that it was made in a special proceeding (Code, § 11, sub. 3); that it was an actual determination of the court; was a final order (id.), and that it was appealable to this court. Three judges dissented; on what ground does not appear. The judiciary article of the Constitution, as it was amended in 1867, does not contain the provision for the admission of attorneys, above cited from the Constitution of 1846, nor any other. Instead of that there is the statute of 1871, above cited. By that every male citizen of the age of twenty-one years, thereafter applying to be admitted to practice as attorney, shall be examined by the justices of the Supreme Court, or a committee appointed by the court, at a General Term thereof, and if he shall be

approved by the said justices for his good character and learning, he may be admitted.   Clearly, it is for the justices to approve, and it is a matter in their discretion to approve or not, and their decision is final and non-appealable, save in the exceptional cases above noted.   The right to admission does not depend alone upon the possession of the qualifications, but upon the approval of the justices.   The legislature has wisely seen fit to confer upon them that discretion.   They are supreme and irreversible in the exercise of it, unless that exercise has been clearly capricious or willful, when it may be reversed.

Clearly, in a case where the proofs as to good character are balanced *pro* and *con*, or where there is proper proof upon both sides, and the General Term has considered them, this court may not entertain an appeal.   Besides the foregoing reasons for a dismissal of the appeal, there is another.   The papers do not furnish this court with all the facts which were before the General Term and its committee.   The complaint in the action brought by Beggs is not in the papers, yet the allegations in that, not withdrawn, but attempted to be justified, influenced the committee and the General Term.   This court could not determine that the General Term were in error in their estimation of the facts, when the facts are not found in the appeal papers.

We do not express any opinion upon the merits.   The papers before us show that the applicant is not lacking in mental ability, and the report of one of the committees shows him possessed of qualification in knowledge of the law.   It is to be hoped that explanations may be forthcoming, that misunderstandings may be discovered and removed, so as to modify the unfavorable conclusions reached by the committee on character, and a change of the judgment of the General Term be warranted.

The appeal should be dismissed.

All concur.

Appeal dismissed.