(66 App. Div. 482.)

### OHNMACHT v. MT. MORRIS ELECTRIC LIGHT CO.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

DEATH OF MINOR—ACTION BY PARENT—LOSS OF SERVICES—NEGLIGENCE — RIGHT OF ACTION.

> Where plaintiff's minor son was instantly killed by coming in contact with a live electric wire, through defendant's negligence, the father, as such, cannot maintain an action for loss of the son's services, since at common law a parent could recover for loss of his child's services only between the accident and death, and under Code Civ. Proc. § 1902, after death such damages can be recovered only by an administrator.

Appeal from trial term, New York county.

Action by Charles Ohnmacht against the Mt. Morris Electric Light Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The action is brought by a father to recover for loss of services of his minor son, a boy 16 years of age, who, as alleged in the complaint, was killed by an electric shock through the defendant's negligence in improperly insulating its wires for conveying electricity for lighting the premises No. 69 Cortlandt street. The answer admitted that the defendant owned certain wires used for lighting the premises, and denied other allegations of the complaint; averring that any injuries sustained by the plaintiff's son were caused solely by his own negligence. At the opening, motion was made to dismiss the complaint on ·the ground that it did not state sufficient facts to constitute a cause of action, and that the action, being for death caused by negligent act, should have been brought by an executor or administrator, under section 1902 of the Code of Civil Procedure, which motion was denied. The manner in which the death of the plaintiff's son occurred was described by his employer, who testified that he had sent the boy upstairs to arrange a sign which had been turned over by the wind, and while he was in front of the store watching him attending to this, "I noticed all of a sudden that he cried out, and then there was a spark shot out of him, and the instant he done that, I rushed upstairs, and caught him as he fell back in my arms dead." The coroner's physician also testified that "the cause of his death was shock after charge of live electric wire at 69 Cortlandt street." At the conclusion of the plaintiff's case, motion to dismiss the complaint was renewed and was granted, and from the order thereupon entered ·and from judgment dismissing the complaint the plaintiff brings this appeal.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Thomas Bracken, for appellant.

Henry J. Hemmens, for respondent.

O'BRIEN, J.  Even though the complaint did not show that the death of the plaintiff's son was instantaneous, this fact was established beyond dispute by the evidence; and, as there is no demand for medical expenses, the single question presented is whether or not, upon the facts pleaded and proven, there can be a recovery by the father for loss of services because of the negligent act of the defendant in causing his son's death.  It is contended by the appellant that the cause of action set up in the complaint is warranted by the common law..  On the other hand, the respondent contends that there is no such common-law action, and that the only person who could bring an action to recover for the death would be the personal representative of the minor son by virtue of section 1902 of the Code of Civil Procedure; and that an action for loss of services can only be brought to recover such services as may be lost during the time between the alleged wrongful act and the death resulting therefrom.  Evidently what is sought in this action is to recover for loss of services to which the father would have been entitled had the son lived, but there is no authority either in common law or by statute for such an action.  Undoubtedly, the father could recover for the loss of services if the injury had not resulted in death, and he could recover for such loss between the time of the injury and death.  He could not, however, at common law recover for loss of services of a minor son owing to his death through another's negligent act, if such death, as in the case at bar, was instantaneous.  This subject was discussed at length, and authorities bearing thereupon were collated, in the case of Green v. Railroad Co., 2 Abb. Dec. 277, and among others which are cited therein with approval is that of Carey v. Railroad Co., 1 Cush. 475, 48 Am. Dec. 616, which is identical with this action, and where, as stated, "the plaintiff's child was instantly killed by the carelessness of the defendant's servant and the father brought his action to recover damages for loss of service.  The court declared the common law to be decisive against the action."  And in Sorensen v. Balaban, 11 App. Div. 164, 42 N. Y. Supp. 654, it was said:

"It clearly was the rule at common law that no civil action would lie for causing the death of a human being.  Cooley, Torts, 262.  While a husband or parent might maintain an action for a wrong causing loss of services from a wife or child if the injury resulted in death, this could not at the common law be taken into account either as a ground of action or as an aggravation of damages, and the plaintiff's recovery would be limited to loss of service intermediate the injury and death.  *  *  *  Of course, for many years the statute has prescribed a remedy for such wrongs.  An action for a wrongful act causing death of any person may be maintained by the executor or administrator of such person for the benefit of his next of kin. Code Civ. Proc. § 1902."

An interesting discussion of this same subject will be found in the case of Davis v. Railroad Co. (Ark.) 13 S. W. 801, 7 L. R. A. 285, where the rule is thus stated:

"Where the injury resulted in death, the father's recovery by the common law was limited to the interim between the disabling injury to the child and its death. His right of recovery was restricted to the value of the minor's services and the cost of medical attendance and nursing to the time of death. The right fell with the life of the minor. This was upon the theory that no civil action would lie for a right springing from the death of a human being."

Prior to the statute there could be no recovery in the case of death. It was considered that life was too precious to be compensated for by money. The only punishment for negligence was in a criminal proceeding. As we became more commercial, the legislature put a price upon a life, and then removed the limitation. Now recoveries may be had, but only in the way prescribed by the statute for the pecuniary damages sustained by the next of kin of the deceased, when the death has been occasioned by negligence and the decedent is free from contributory negligence. The action which the plaintiff here endeavored to maintain on his own behalf and for his own benefit and the action provided for by section 1902 of the Code are not identical, the latter being one that must be maintained in the name of the executor or administrator for the benefit of the next of kin. For the reasons stated, the judgment dismissing the complaint must be affirmed, with costs.

The appeal from the order should be dismissed, the order not being appealable. All concur.