Ellis J. Staley, Jr., J:
This is a proceeding pursuant to CPLR article 78 for an order directing respondents, New York State Board of Law Examiners to certify that petitioner passed the examination for admission to the New York State Bar taken on March 11 and 12, 1975.
Petitioner took the examination for admission to the New York State Bar given by the New York State Board of Law Examiners on March 11 and 12, 1975. He was thereafter advised that he had failed to pass the examination. Petitioner inspected the examination documents on June 9, 1975, and petitioner formally requested review of the grades received on his examination papers by letter received by respondents on July 23, 1975. Petitioner’s examination papers and his challenges to the grades given were reviewed by respondents and found to be without merit.
Section 53 of the Judiciary Law provides, in part, as follows:
"1. The court of appeals may from time to time adopt, amend, or rescind rules not inconsistent with the constitution or statutes of the state, regulating the admission of attorneys and counsellors at law, to practice in all the courts of record of the state.
"2. The court may make such provisions as it shall deem proper for admission to practice as attorneys and counsellors, of persons who have been admitted to practice in other states or countries.
"3. The court shall prescribe rules providing for a uniform system of examination of candidates for admission to practice as attorneys and counsellors, which shall govern the state board of law examiners in the performance of its duties.”
The New York State Board of Law Examiners is appointed by the Court of Appeals pursuant to section 56 of the Judiciary Law, and is empowered with the authority to administer and grade the examinations required of candidates applying *746 for admission to practice as attorneys and counsellors in New York State.
Respondents contend that an article 78 proceeding is not available to a candidate who has failed the examination for the purpose of reviewing the grades given on the admission examination.
Subdivision 10 of section 90 of the Judiciary Law provides as follows: "Any statute or rule to the contrary notwithstanding, all papers, records and documents upon the * * * examination of any person for admission as an attorney and counsellor at law * * * shall be sealed and be deemed private and confidential. However, upon good cause being shown, the justices of the appellate division having jurisdiction are empowered, in their discretion, by written order, to permit to be divulged all or any part of such papers, records and documents.”
In view of the provisions of subdivision 10 of section 90 of the Judiciary Law, the examination papers which petitioner seeks to review in this proceeding are only available upon written order of the Appellate Division having jurisdiction over the failed candidate. That subdivision, however, only provides that all or any part of such papers, records and documents may be divulged on application, and does not refer to any judicial review of grades given on such papers.
"The practice of law is not a business open to all, but a personal right, limited to a few persons of good moral character, with special qualifications ascertained and certified after a long course of study, both general and professional, and a thorough examination by a state board appointed for the purpose * * * No one can practice law unless he has taken an oath of office and has become an officer of the court, subject to its discipline, liable to punishment for contempt in violating his duties as such, and to suspension or removal. It is not a lawful business except for members of the bar who have complied with all the conditions required by statute and the rules of the courts.” (Matter of Co-Operative Law Co., 198 NY 479, 483.)
In Matter of Cooper {22 NY 67) the Court of Appeals upheld a statute that provided that a candidate having obtained a diploma from the Law School of Columbia College, and having been recommended by the law committee of the trustees of said college, shall be admitted to practice as an attorney and counselor-at-law in all the courts of the State.
*747 The court stated in reference to the authority of the Legislature to control the procedure for the admission of lawyers by statute, as follows (pp 90-91).
"In this state, it seems, that attorneys, prior to the revolution, were appointed by the governor of the colony. (People v Justices of Delaware, 1 Johns. Cas. 182.) By the constitution of 1777, the power of appointing this class of officers was vested directly in the courts; but the constitution of 1822 was silent upon the subject, thus leaving the matter in the direction and control of the legislature, which, at its next session, passed an act requiring attorneys to be licensed by the courts in which they should respectively practice. It is plain, therefore, that although the appointment of attorneys has usually been intrusted in this state to the courts, it has been, nevertheless, both here and in England, uniformly treated, not as a necessary or inherent part of their judicial power, but as wholly subject to legislative action.”
In Matter of Beggs (67 NY 120) it was held that the determination of General Term denying a candidate admission to practice as an attorney by reason of his failure to establish good character was not reviewable by the Court of Appeals stating (p 122) as follows: "The committee upon the character of the applicant for admission declined to report favorably upon it, and based their declination upon matter appearing in certain papers issuing from him. The General Term, informed by this report, and on reading the testimony presented, not capriciously or willfully, but on judicial consideration thereof, decided that it could not grant the petition of the applicant. This court may not review that decision.”
It is well settled that a court should not substitute its judgment for that of a duly constituted board of examiners in the evaluation of an applicant’s performance upon a professional examination. (Matter of Erlanger v Regents of Univ. of State of New York, 256 App Div 444; Matter of Marburg v Cole, 286 NY 202.)
Courts in other jurisdictions have consistently upheld the bar examiner’s discretion in the matter of grading papers. In some jurisdictions, failed candidates may not even see their examination papers, let alone compare them with the model answers and questions. (Whitfield v Illinois Bd. of Law Examiners, 504 F2d 474; Matter of Becker, 79 Nev 21; Mrotek v Nair, 4 Conn Cir 313; Matter of Monaghan, 126 Vt 193; Ann, 39 ALR3d 719.)
*748 The procedures utilized by respondents gives candidates a broad review of the examination, its grading and the preservation of anonymity throughout the entire process.
Established procedures provide for review by the full board of all failed candidates’ papers which fall within 10 percentiles below the pass mark. Failed candidates, after inspection of their examination papers, the examination questions and the pro forma answers, may write to the board setting forth their complaints concerning the grades given and ask for a review. Where warranted, a member of the board will review the examination paper, seek comments from other board members and rule on the complaints.
In some States, the courts have held that a review of an applicant’s bar examination would not be made by the court in absence of a showing that the applicant’s failure to pass the examination was the result of fraud or coercion or imposition on the part of the bar examiners. (Salot v State Bar of California, 3 Cal 2d 615; Staley v State Bar of California, 17 Cal 2d 119.)
In New York, the standard for review is whether the determination was arbitrary, capricious or an abuse of discretion. (CPLR 7803, subd 3; Marburg v Cole, supra.) Nothing in the petition remotely suggests arbitrariness, capriciousness or abuse of discretion. There is a strong presumption that powers conferred upon an administrative agency will be exercised properly. This presumption has not been overcome. Respondents have provided fair and reasonable procedures for administration of the examinations for admission to the Bar, and for review of grades given on said examinations.
The failure to show any arbitrariness, capriciousness or abuse of discretion by respondents defeats petitioner’s application, and it is the judgment of this court that the grades of a candidate’s examination for admission to the New York State Bar are not reviewable in an article 78 proceeding.
The application of the petitioner is denied, and the petition dismissed.
Attorney for respondents to submit judgment.