In the Matter of JOHN D. PARKER et al., Appellants, v LAWRENCE C. KOLB, as Commissioner of the Department of Mental Hygiene of the State of New York, et al., Respondents.

Third Department, May 11, 1978

*Morris Weissberg (Robert J. Krengel* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), for respondents.

### OPINION OF THE COURT

MIKOLL, J.

Petitioners are 8 of 36 employees of the Department of Mental Hygiene employed as teachers of mentally handicapped children (institution teachers) at the department's Queens Children's Psychiatric Center. They claim they perform the same functions as teachers of mentally handicapped children in schools throughout the State run by Boards of Cooperative Educational Services (BOCES) and local districts. Petitioners allege that until December 31, 1976 they put in the same number of hours in attendance at their institution as other teachers of handicapped children worked throughout the State. On January 1, 1977 the petitioners' hours of attendance were increased by one hour by an order issued by the Mental Hygiene Commissioner. Petitioners contend that the one hour

increase in teaching time violates State law and the equal protection of the law guarantees of the State and Federal Constitutions. We find both contentions to be without merit.

■ Petitioners rest their claim that State law prohibits the increase in hours primarily on the contention that subdivisions 2 and 3 of section 4403 of the Education Law require the Department of Mental Hygiene to conform its educational programs for handicapped children with the standards for such programs maintained by the Department of Education. They then argue that the one hour increase does not conform to the standards of the Education Department. However, the only Education Department standard petitioners cite as requiring five as opposed to six hours of teaching time is subdivision (a) of section 175.5 of title 8 of the Official Compilation of Codes, Rules and Regulations of the State of New York. This section merely sets forth the minimum number of hours that schools must be in session to receive State aid. It is not intended to regulate the maximum hours of teaching time. Likewise, Part 200 of title 8 of the Official Compilation of Codes, Rules and Regulations of the State of New York does not in any way indicate that requiring six hours of student contact is prohibited or even discouraged by the Commissioner of Education.

■ Petitioners' contention that the Mental Hygiene Law does not authorize the Commissioner of Mental Hygiene to require more hours of teaching time than are prescribed for teachers of handicapped children in BOCES and other schools must also fail. The Mental Hygiene Law (§ 7.11, subd [b]; § 7.13, subds [a] and [b]; § 7.17, subd [a]; § 9.03, subd [a]; § 9.05, subd [a]; § 9.09, subd [a]) clearly confers on the Commissioner of Mental Hygiene authority to operate facilities under his jurisdiction without any obligation to conform the teaching hours of "institution teachers" with those of other teachers of mentally handicapped children throughout the State. Section 15.11 of the Mental Hygiene Law mandates that the Department of Mental Hygiene provide school age patients in its facilities with an education comparable to what they would receive in their local districts. It does not regulate the maximum number of teaching hours of teachers employed by the Department of Mental Hygiene.

■ Petitioners' argument that they are denied equal protection of the laws by virtue of the time increase also lacks merit. The United States Supreme Court stated in *Dandridge*

*v Williams* (397 US 471, 485) that a classification is not objectionable under the equal protection clause if there is some reasonable basis for it. The memorandum describing the increased teaching time for the teachers of mentally handicapped children employed by the Department of Mental Hygiene states that the increased teaching time is needed to improve the over-all quality of educational services rendered to Department of Mental Hygiene clients. It is conceivable that conditions in the State facilities where petitioners teach are sufficiently distinguishable from those in noninstitutional settings to require more teaching time to obtain substantially the same educational results as are obtained elsewhere. "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it" *(McGowan v Maryland,* 366 US 420, 426). The respondents have demonstrated a rational basis for the directive requiring an additional hour of teaching time in such facilities. The directive, therefore, is not unconstitutional.

The judgment should be affirmed, without costs.

MAHONEY, P. J., GREENBLOTT, KANE and MAIN, JJ., concur.

Judgment affirmed, without costs.