■ BONNIE ROBERT, as Executrix of LORRAINE T. DAY and Another, Deceased, Respondent, v FORD MOTOR COMPANY, Appellant, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered May 2, 1979 in St. Lawrence County, which granted respondent's motion to amend the complaint to assert a wrongful death cause of action claiming punitive damages. Respondent is the executrix of the estates of her parents, Donald and Lorraine Day, who burned to death when their 1975 Ford Pinto was struck by another auto. Respondent sued for their wrongful death and conscious pain and suffering in September of 1977. In June of 1978, she moved to amend the complaint by adding a wrongful death cause of action against appellant Ford Motor Company and the other defendants for punitive damages, and to increase the *ad damnum* clause to $125,000,-000. The respondent alleged that appellant was guilty of "maliciousness, wantonness, willfulness and depraved indifference" in manufacturing its car model "Pinto" with knowledge that the fuel tank system would rupture in rear impact collisions, causing massive spillage of gasoline, and fire to

consume the car, which justified the allowance of punitive damages. Special Term granted the motion, holding that the wrongful death statute must be interpreted as allowing punitive damages in order to pass constitutional muster. The court opined that a holding to the contrary would be violative of the equal protection clauses of the Federal and State Constitutions as it would afford preferential treatment to those tort-feasors whose victims died as opposed to those whose victims survived. The New York wrongful death statute, contained in EPTL 5-4.3, provides as follows: "Amount of recovery The damages awarded to the plaintiff may be such sum as the jury or, where issues of fact are tried without a jury, the court or referee deems to be fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought. In every such action, in addition to any other lawful element of recoverable damages, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death and the reasonable funeral expenses of the decedent paid by the distributees, or for the payment of which any distributee is responsible, shall also be proper elements of damage. Interest upon the principal sum recovered by the plaintiff from the date of the decedent's death shall be added to and be a part of the total sum awarded." Special Term's decision that the wrongful death statute does not abrogate a right to seek punitive damages strains the plain meaning of the statute. The remedy provided by the statute, the recovery of compensatory damages, is exclusive and may not be expanded by the courts. The statute expresses the Legislature's considered judgment on the issue. The many cases cited as examples of the extensions of the statute, we note, all refer to amplification of pecuniary losses which were found to be encompassed in the statute's framework. This is not so with punitive damages. In a dispositive ruling on the matter, the Court of Appeals in *Ratka v St. Francis Hosp.* (44 NY2d 604, 610, 612) said as follows: "On the merits, plaintiff urges the court to establish a common-law cause of action for wrongful death, notwithstanding that our Legislature has expressly authorized such claims for over a century in statutes culminating in the present EPTL 5-4.1 * * * In light of the present statutory entitlement in this State, we reject the request to establish a common-law cause of action for wrongful death." It is self-evident that plaintiff's remedies are exclusively those provided by statute and are subject to its terms and limitations. Since the remedy is limited to compensatory damages, punitive remedies may not be added by court decision *(Grant v Guidotti,* 66 AD2d 545; *Ohnmacht v Mount Morris Elec. Light Co.,* 66 App Div 482). *Maragne v States Mar. Lines* (398 US 375) is inapposite. There the Supreme Court recognized a nonstatutory Federal maritime law cause of action for wrongful death in a situation in which no Federal wrongful death statute applied. In *Ratka v St. Francis Hosp. (supra),* the Court of Appeals recognized that the case involved considerations different from those which affect an interpretation of the New York wrongful death statute. The public policy arguments advanced by respondent and the American Trial Lawyers Association for a change in the statute must, more appropriately, be directed to the Legislature or the Court of Appeals (cf. *Bell v Cox,* 54 AD2d 920). It is not for us to usurp the legislative function. We disagree, too, with Special Term's rationale in putting in issue the constitutionality of the statute on equal protection grounds based on the *Alevy v Downstate Med. Center of State of N. Y.* (39 NY2d 326) "middle ground scrutiny test." A challenge to the constitutionality of a statute must overcome the strong presumption of legitimacy which attaches thereto *(Town of Huntington v Park Shore Day Camp of Dix Hills,* 47 NY2d 61). Constitutional infirmity is

not established by allegations that not all persons are treated alike. There must also be found a failure to treat members of the same class in the same manner *(Matter of Engelsher v Jacobs,* 5 NY2d 370). The New York Court of Appeals and this court have both employed the "rational basis test" to determine whether a classification denied equal protection (e.g., *Board of Educ. v New Paltz United Teachers,* 44 NY2d 890; *Matter of Subway-Surface Supervisors Assn. v New York City Tr. Auth.,* 44 NY2d 101; *Matter of Parker v Kolb,* 62 AD2d 128). The classification used in this statute does not involve invidious discrimination, nor does it involve fundamental rights. Therefore, it is entitled to a presumption of validity unless the treatment afforded different groups is irrational in that it does not achieve any conceivable legislative purpose. We find ample justification for the Legislature's ultimate decision in its selection of the various options open to it. Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur. [100 Misc 2d 646.]