OPINION OF THE COURT
Lawrence E. Kahn, J.
This proceeding is brought pursuant to CPLR article 78 seeking a judgment directing that the New York State Board of Law Examiners issue to petitioner, a certificate, pursuant to former section 520.8 (subd [b], par [3]) of the Rules of the New York Court of Appeals (former 22 NYCRR 520.8 [b] [3]), certifying that petitioner has the substantial equivalent of the prelegal and legal education required by such section to enable said petitioner to proceed *160 with his application for admission to the Bar of the State of New York without examination.
The petitioner is a graduate of the University of Bombay with a Bachelor of Laws degree awarded in 1962. He has made application to be admitted to the New York State Bar without examination. The Appellate Division of Supreme Court, pursuant to former section 520.8 of the Rules of the Court of Appeals (former 22 NYCRR 520.8; hereinafter referred to as Rules) is permitted, in its discretion, to admit certain persons to practice law in this State without examination in certain instances. One of the requirements to be so admitted is to have the substantial equivalent of the legal and prelegal education which is required of an applicant taking the New York State Bar examination (former 22 NYCRR 520.8 [a] [3]). In order to be so eligible, an attorney from another jurisdiction must file a certificate of substantial educational equivalence which is obtained from the New York State Board of Law Examiners (hereinafter referred to as the Board).
Petitioner duly applied to the Board for a certificate of substantial educational equivalence, and was informed by letter dated July 31, 1979 that his credentials had been evaluated and the determination made that his legal education at Bombay University did not meet the criteria set forth in the Rules of the New York Court of Appeals.
The educational requirements for taking the Bar examination are found in former 22 NYCRR 520.3 and 520.4. They require an applicant to have completed at least three years of acceptable work at an accredited postsecondary institution prior to beginning the study of law, and further that the applicant graduate from a law school which was approved at all times during the period of his attendance. The difficulty in the instant proceeding has its genesis in the evaluation of the foreign law school and university attended by petitioner. The Board acknowledges that expertise was not readily available in this area. Eventually, the services of Stephen H. Fisher of World Education Services, Inc., were retained as a resource for evaluating the credentials submitted by petitioner. Mr. Fisher’s credentials are set forth in an affidavit, and a review thereof establishes *161 his qualifications to review the educational background of petitioner. His evaluation of the legal and prelegal education of petitioner concluded that it was “the equivalent of a Bachelor’s Degree in the United States, including two years of prelaw studies and two years of law studies.” Utilizing this information and after conducting its own review of the documents submitted by petitioner, the Board reached the determination that petitioner was not qualified for admission to the Bar without examination, since he could not fulfill the educational equivalence required by former 22 NYCRR 520.8.
This court has also reviewed the material submitted to the Board and concludes that the petitioner had accumulated only two years of actual law studies, and had not acquired the equivalent of an undergraduate degree prior to the entering of law school. Petitioner argues that he was in addition thereto, required to undertake a three-year clerkship under the laws of India after graduation from law school and prior to the taking of the Bar examination in that country. Under former 22 NYCRR 520.8(a) (3) law office study may not be considered in determining substantial equivalence. Even if it could be considered, petitioner’s clerkship is insufficient for purposes of the requirements of former 22 NYCRR 520.5, in that any such clerkship must be accomplished in a law office located within the State of New York, and under the supervision of attorneys admitted to practice in this State for a period of four years, including attendance at an approved law school.
The Court of Appeals has delegated to the Board of Law Examiners, the power to resolve issues of substantial prelegal education. This court may not substitute its judgment for that of a duly constituted Board of Law Examiners in the evaluation of an applicant’s qualifications to practice a profession (Matter of Erlanger v Regents of Univ. of State of N. Y., 256 App Div 444, 446, 451, affd sub nom. Matter of Levi v Regents of Univ. of State of N. Y., 281 NY 627). “[I]n the absence of clear and convincing proof that the discretion of the Board * * * has been exercised arbitrarily, unfairly or capriciously, the court will not interfere.” (Matter of Marburg v Cole, 286 NY 202, 208.)
*162 This court cannot say, as a matter of law, that the Board of Law Examiners, in denying petitioner’s application for substantial educational equivalence, acted irrationally, arbitrarily, or capriciously. Accordingly, thé petition shall be dismissed.