■ In the Matter of RENATO J. PASCUAL et al., Appellants, et al., Petitioner,

v STATE BOARD OF LAW EXAMINERS OF THE STATE OF NEW YORK, Respondent. — Appeal from a judgment of the Supreme Court at Special Term, entered February 21, 1980 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Board of Law Examiners. Petitioners are members of the Philippine Bar who have graduated from a Philippine law school and presently reside in New York. Although they have been granted permission to take the New York State bar exam, petitioners also seek to be admitted on motion without taking the exam. In order to be admitted without taking the exam, 22 NYCRR 520.8 (a) (3) required, at the time this proceeding was commenced, that petitioners have the substantial equivalent of the legal and prelegal education necessary to qualify to take the New York State bar examination. This provision has since been renumbered and amended so as to eliminate the prelegal education requirements (see 22 NYCRR 520.7 [a] [3]). When this proceeding was commenced, one of the educational requirements to take the bar exam was set forth in 22 NYCRR 520.4 (a) (3), now renumbered 22 NYCRR 520.3 (a) (2), which necessitated that the applicant graduate from a law school which was approved at all times during the period of his attendance. Accordingly, attendance at a law school substantially equivalent to an approved law school as defined in 22 NYCRR 520.4 (b), now renumbered 22 NYCRR 520.3 (b), was required of petitioners for permission to be admitted to the Bar without taking the bar examination. Petitioners' applications to respondent for certificates of substantial educational equivalence were denied following respondent's evaluation of Philippine law schools with the aid of consultants who were experts in Philippine law. Respondent determined that only two Philippine law schools were substantially equivalent to approved law schools, neither of which were attended by petitioners. The instant proceeding was commenced seeking to review and annul respondent's determination and a subsequent motion was made by petitioners requesting, *inter alia,* an order admitting an amended petition. Special Term granted petitioners' motion to admit the amended petition and then dismissed both the petition and the amended petition on the merits. This appeal ensued. Initially, petitioners contend that respondent denied them their due process rights by failing to grant them an adjudicatory hearing prior to making its determination. An adjudicatory hearing is required where expressly provided by statute or where an agency adversely affects property rights *(Matter of Hecht v Monaghan,* 307 NY 461). In the present case, there is no statutory right to a hearing. In view of the fact that petitioners have not been denied admission to the Bar but only denied permission to be admitted without taking the bar exam, we are of the opinion that no property rights of petitioners have been affected. Consequently, no adjudicatory hearing was required. It is also argued by petitioners that three other individuals similarly situated were granted certificates of substantial educational equivalence by respondent and, therefore, they have been denied their constitutional rights of equal protection of the laws. Two of these individuals attended Philippine law schools which were found to be substantially equivalent to approved law schools. As to the third individual, respondent admitted to making an erroneous determination concerning her certificate and has since concluded that the Philippine law school she attended is not substantially equivalent to an approved law school. An administrative body may correct its erroneous interpretation of the law *(Matter of Leap v Levitt,* 57 AD2d 1021, mot for lv to app den 42 NY2d 807). Since we are not involved herein with invidious discrimination or fundamental rights, the "rational basis test" is applicable *(Robert v Ford Motor Co.,* 73 AD2d 1025, app dsmd 49 NY2d 1047). We conclude that respondent's classification of members of the

Philippine bar according to the Philippine law school attended is reasonable and rational and, thus, does not deny petitioners their constitutional right to equal protection. Upon consideration of the record in its entirety, we are of the view that respondent's determination is neither arbitrary, capricious nor an abuse of discretion and, therefore, it should not be disturbed (see *Matter of Marburg v Cole,* 286 NY 202; *Matter of Sodha v New York State Bd. of Law Examiners,* 105 Misc 2d 159). We have considered petitioners' remaining arguments and find them unpersuasive. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Herlihy, JJ., concur.