David **FRUCHTMAN, etc., Plaintiff,**

v.

**NEW YORK STATE BOARD OF LAW EXAMINERS, et al., Defendants.**

No. 82 Civ. 0292 (CBM).

United States District Court, S. D. New York.

March 23, 1982.

James I. Meyerson, New York City, for plaintiff.

Robert Abrams, Atty. Gen. of the State of N. Y., John M. Farrar, Asst. Atty. Gen., New York City, for defendants.

## OPINION

MOTLEY, District Judge.

This action has its genesis in an event all too familiar to practitioners in this Court: the New York State Bar Examination (hereinafter referred to as Bar Exam). Plaintiff, David Fruchtman, alleges that the grading of Essay Question #5 in the February, 1981 Bar Exam was arbitrary and irrational, in violation of his rights under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. Plaintiff also contends that the review procedures afforded to a failing applicant who challenges his grade are constitutionally deficient. Plaintiff names as defendants in this action the New York State Board of Law Examiners (the Board), the members thereof, the Executive Secretary and the New York State Court of Appeals in its capacity as enforcer of the rules governing admission to practice.

Plaintiff has moved for a preliminary injunction enjoining defendants from denying him admission to the bar and requiring defendants to admit him to practice based on his February, 1981 Bar Exam results. He also seeks to prosecute this proceeding as a class action in order that others, similarly situated, will be admitted to practice. Also pending before this court are defendants' motion to dismiss the complaint and plaintiff's motion for summary judgment.

This court has heard extensive oral argument on the pending motions and has carefully considered the exhaustive briefs submitted in this case. Plaintiff's brief, the court notes, treated thoroughly and carefully the very difficult issues presented in this case. The issue most hotly contested by the parties is whether plaintiff has raised a substantial federal question in his complaint. The court will assume, for purposes of this opinion, that if a dissatisfied applicant can show that he was denied passage of the Bar Exam by reason of arbitrary and irrational conduct by the Board of Law Examiners, he has stated a substantial federal question. *Cf. Schware v. Board of Bar Examiners*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); *Louis v. Supreme Court of Nevada*, 490 F.Supp. 1174 (D.C.Nev. 1980). Similarly, this court will assume that a constitutionally infirm process of review may be challenged in the federal

courts as violative of procedural due process rights. Whether or not the court should in fact exercise its jurisdiction is, however, an entirely different matter. After careful deliberation, this court has decided that a determination of plaintiff's constitutional challenges is premature and that the court will abstain from exercising jurisdiction at this time. Accordingly, plaintiff's complaint is dismissed for reasons of comity, discussed more fully below. This dismissal is explicitly without prejudice to plaintiff's right to return to a federal forum at some later date, should his effort to obtain relief in the state system prove ineffective.

The facts underlying the instant action are not in dispute. Plaintiff took and failed the February, 1981, New York State Bar Examination. He received a total weighted scale score of 658, two weighted points below the total weighted score required to pass the exam. Had plaintiff received one additional point on any one essay question, he would have achieved the cut-off mark necessary to pass the exam.

Pursuant to the Board's procedures, plaintiff traveled to Albany to review his answers and compare them with the Board's model answers. It was at that time that he discovered that the model answer for Essay Question # 5 contained "erroneous statutory references and analysis" (Fruchtman Aff. ¶ 11). Specifically, plaintiff learned that the model answer to this "Wills" question stated that the after-born child's share was one-half of the net estate remaining after giving the widow *$2,000.* Plaintiff's answer stated, and a 1978 amendment to the governing statute provided, that the correct amount was *$4,000* rather than $2,000. Defendants concede this error in the model answer but argue that it was a minor detail in the question which in no way figured in the grading of the answer to this question (Karger Aff. ¶ 26).

Plaintiff also claims that he discovered an error in the model answer relating to the extent of the marital deduction available to the estate on the Federal Estate Tax Return. Defendants adamantly deny that the model answer in this respect was incorrect. As stated earlier, because the court has decided to abstain here, this dispute need not be resolved.

After discovering these alleged errors, pursuant to the Board's procedures, plaintiff prepared a written application for review by the Board setting forth the specific objections just discussed (Exh. B attached to Fruchtman Aff.). By letter dated October 14, 1981, the Board informed plaintiff that it had considered the points raised in his appeal and had found no reason to change the grade initially assigned (Exh. D attached to Fruchtman Aff.). The Board, however, did not set forth its reason for declining to change plaintiff's grade on Essay Question # 5.

Thereafter, plaintiff filed an appeal to the New York State Court of Appeals requesting the court to assume jurisdiction and, in effect, overrule the Board. After an exchange of correspondence between counsel for plaintiff and the Clerk of the Court of Appeals, the Court of Appeals (through the Clerk) notified plaintiff that it had no authority to waive plaintiff's certification by the Board. Stressing that it was acting administratively rather than judicially, the Court, through the Clerk, went on to state:

> Any application for certification by the Board, notwithstanding Mr. Fruchtman's failure in the examination, based on the narrow margin of such failure, should be addressed to the Board.

(Letter of December 18, 1981, attached to Fruchtman Aff.).

Plaintiff, notwithstanding the Court of Appeals's suggestion to re-raise the certification issue with the Board, decided not to go back to the Board and, instead, filed the instant action. When questioned by this court as to why plaintiff took this course of action, counsel for plaintiff stated that he felt it would have been "futile" to go back to the Board given that it had initially denied plaintiff's appeal.

This court, on the facts before it, will not assume that the Court of Appeals directed plaintiff to engage in a futile and meaning-

less endeavor. When the Court of Appeals directed plaintiff to present the certification issue to the Board, it obviously knew that plaintiff's initial appeal to the Board had been unsuccessful. Nonetheless, it suggested that plaintiff try once more to obtain certification from the Board. Had plaintiff done so without success, he could have then brought an Article 78 proceeding in the State Supreme Court challenging both the Board's action as arbitrary and capricious and the alleged infirmity of the review procedure afforded to him. Because this avenue with its attendant state court appeal procedure is still open to plaintiff, this court feels it most appropriate to allow the state courts the first opportunity to decide the questions plaintiff raises here.

The court cannot agree with plaintiff that an Article 78 proceeding would be a meaningless exercise. In *Davidson v. New York State Board of Law Examiners*, 86 Misc.2d 744, 382 N.Y.S.2d 418 (Sup.Ct. Albany County 1976), a failing applicant brought such a proceeding to direct the Board to certify that he had passed the Bar Exam. The court held that bar exam grades are not reviewable in the absence of any showing of arbitrariness, capriciousness or abuse of discretion by the Board. Here, unlike in *Davidson*, such an allegation, based on an admitted error in the model answer to Essay # 5, is made. Plaintiff, therefore, has a colorable claim to raise in the state courts. *See also Matter of Sodha v. State Law Examiners*, 105 Misc.2d 159, 431 N.Y.S.2d 885 (Sup.Ct. Albany County 1980) (court cannot substitute its judgment for that of the Board, unless there is a showing that the Board exercised its discretion unfairly or capriciously).

Moreover, plaintiff's decision not to pursue the matter further with the Board, contrary to the direction of the Court of Appeals, and to present his claims instead in federal court, raises sensitive problems of federal-state comity. In this regard, the Second Circuit has recently observed that "federal courts have abstained in numerous areas where state regulation involved matters of substantial state concern and where state policies were carried out in a statuto-

rily established regulatory program by state officials." *Levy v. Lewis*, 635 F.2d 960, 963 (2d Cir. 1980). *See also Alabama Public Service Commission v. Southern Railway*, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1957) (state regulation of intrastate railroads); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (state regulation of oil industry in Texas). This court concludes that this case warrants the application of the policy stated above, and that abstention is therefore appropriate.

The court recognizes that many of the cases in which this doctrine has been invoked involved requests for federal court construction of state statutes, and that the construction of a particular statute is not at issue in this case. Federal court construction of state statutes is not, however, the *sine qua non* of abstention. The procedures plaintiff is attacking in this case were established by a state administrative agency pursuant to state statutes. Furthermore, as stated, they involve a matter of almost exclusive state concern.

In *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), state contempt procedures against delinquent judgment debtors were attacked in a § 1983 action in federal court as violative of the debtors' due process rights. The Court held that the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Huffman v. Pursue*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), could be applied to state civil proceedings in which there was an important state interest and in which there was an opportunity to present federal claims in the state forum, even if the opportunity had not been taken. The Court noted that the vital consideration is in

"the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institu-

tions are left free to perform their functions in their separate ways.' "
430 U.S. at 334, 97 S.Ct. at 1216, *quoting Younger v. Harris, supra.* 401 U.S. at 44, 91 S.Ct. at 750.

It is clear that the licensing of lawyers and regulation of the practice of law within a state is peculiarly a matter of state concern. Each state is responsible for establishing its own standards and procedures. In New York, the Court of Appeals has the administrative responsibility for enforcing the rules and regulations concerning admission to the state bar. The state legislature has enacted laws contained in the Judiciary Act pursuant to which standards and procedures were established governing admission to the bar in New York. Plaintiff's substantive claims bear directly on the validity of the state's grading procedures and thus involve a matter of almost exclusive state concern. *Compare Schware v. Board of Bar Examiners, supra.* (failure to permit petitioner to take bar examination based on Communist Party membership held violative of due process).

This court also observes that plaintiff began to pursue his claims in the state forum available to him for this purpose. The New York Court of Appeals, after being requested by plaintiff to review his claims, directed him to present them to the Board of Law Examiners anew. Thus, not only is there a state forum available to plaintiff, but the highest court of the state has expressly suggested that plaintiff avail himself of it.

Further, the court concludes that it would be improper to grant part of the relief plaintiff seeks and unnecessary to grant the other part. The injunctive relief plaintiff seeks on his substantive claim would result in this court's certifying him to practice law in the State of New York. Given the extensive and exclusive regulation of certification by the Board, the court is highly doubtful that such extraordinary relief is appropriate. Indeed, plaintiff has not brought to this court's attention even one case in which a federal court has changed a Bar Exam grade and admitted someone to the practice of law. As to plaintiff's proce-

dural due process claim, a claim which the court finds is stronger than the first claim, the relief sought is to have the Board set forth its reasons for refusing to change plaintiff's grade and afford plaintiff a hearing on his claims. As a result of this litigation, however, plaintiff has become privy to the Board's reasons and has had an opportunity, through counsel, to orally present his views. Accordingly, the procedural relief plaintiff seeks is in effect a moot issue now.

Finally, this court recognizes that plaintiff need not exhaust his state remedies before bringing his federal claims to federal court. The court is also mindful of the important role the federal courts play in protecting constitutional rights. Nevertheless, in light of the unique nature of the state's interest in the matter, the fact that state procedures are still available to plaintiff which will not preclude his right to have a federal court ultimately determine his claims, and the fact that the New York Court of Appeals explicitly directed plaintiff to pursue his state remedies further in this matter, it would be inappropriate for this court to intervene at this time. Therefore, the action is dismissed without prejudice.