OPINION OF THE COURT
Lawrence E. Kahn, J.
In this article 78 proceeding, petitioner seeks a judgment directing the respondent New York State Board of Law Examiners, to certify him to the Appellate Division, Second Department, as a candidate for admission to the Bar.
Petitioner is a resident of the State of New York and a graduate of Hofstra Law School. During February of 1981, he took the bar examination, and was thereafter notified that he had failed same. He alleges that upon a review of his examination, it became apparent that he had passed the portion of the exam known as the Multi-State Bar Examination (MBE) but had failed the New York State section of the examination. In July of 1981, petitioner retook the examination, thereafter receiving notification that he had again failed. Upon a review of his July examination, petitioner asserts that he had received a passing score on the New York State section of the examination, but had failed the MBE section.
Petitioner contends that he has successfully completed the prerequisites to certification set forth in 22 NYCRR 520.6, and accordingly, respondents are required to certify *918 this fact. The respondents refused to do so upon the ground that the New York State Bar Examination consists of three sections: one being the MBE, and the two other sections developed by it in the form of essay and short answer questions. They further contend that the form of the examination, as it existed on the dates in question, was not made up of separate parts or intended to be fractured. Much discussion was had by both petitioner and respondent as to whether respondents should sanction a bifurcated test. Proof has been submitted as to which States do and which States do not bifurcate their bar examinations. However, the issue in this article 78 proceeding is not whether New York State should or should not permit a bifurcated test. The notice of the challenged examinations state that no bifurcation is allowed. Thus, the only issue is whether the respondents’ decision not to allow bifurcation was arbitrary and capricious.
22 NYCRR Part 520 sets forth the general requirements for admission to the practice of law in this State, and authorizes respondents to" conduct bar examinations in relation thereto. Respondents are specifically empowered by 22 NYCRR 520.7 to utilize the MBE as a portion of the examination. As the agency possessing the expertise and charged with the administration of bar examinations, respondents’ determination with respect to bifurcation must be given deference (Matter of Pell v Board of Educ., 34 NY2d 222). “[I]n the absence of clear and convincing proof that the discretion of the Board * * * has been exercised arbitrarily, unfairly or capriciously, the courts will not interfere.” (Matter of Marburg v Cole, 286 NY 202, 208.)
This court cannot say, as a matter of law, that the Board of Law Examiners, in determining not to permit bifurcation of the questioned examinations acted irrationally, arbitrarily or capriciously. That New York now allows out-of-State MBE scores to be utilized for admission in certain limited instances does not alter this result.
The petition shall be dismissed.