OPINION OF THE COURT
Lawrence E. Kahn, J.
In this CPLR article 78 proceeding, petitioner seeks a judgment against respondent, New York State Board of Law Examiners (Board), in relation to the grading of his February, 1982 examination for admission to the New York State Bar. He specifically asserts that the grading of essay questions numbered (2), (3), (4), (5) and (6) was irrational and arbitrary and seeks an order directing the Board to certify that he has passed said examination. Respondent has moved for an order pursuant to CPLR 7804 (subd [f]) dismissing the petition upon objections in point of law. Specifically, it asserts that this court lacks subject matter jurisdiction of the proceeding in that the petitioner only seeks judicial review of scores awarded by the Board. In the event the motion to dismiss is denied, respondent reserves its right to answer the petition (CPLR 7804, subd [f]).
The narrow issue to be determined hereby is whether this court has subject matter jurisdiction to entertain a CPLR article 78 proceeding for the purpose of reviewing the grades given on a Bar admission examination. If the court lacks subject matter jurisdiction, its judgment is void *741 (Siegel, NY Prac, § 8). In our State court system, all courts are “courts of limited jurisdiction, with the important exception of the New York Supreme Court, the state’s sole court of ‘general’ jurisdiction. General jurisdiction implies all of the jurisdiction that a court of original instance can have * * * The jurisdiction of a court of general jurisdiction is presumed” {ibid., p 10). With two major exceptions (matters exclusively Federal and actions against the State), “the Supreme Court has all the rest of original jurisdiction. It is the superseder of all the jurisdiction, civil and criminal, exercised by the English law courts.” {Ibid., § 12, p 15.) Thus, we begin with the presumption that this court has subject matter jurisdiction to entertain the instant proceeding.
Long ago, the Court of Appeals established the principle that the procedure for admission of lawyers to practice law is a function of the Legislature (Matter of Cooper, 22 NY 67). In this capacity, the Legislature has enacted section 53 of the Judiciary Law which empowers the Court of Appeals to make rules with respect to the admission of attorneys. As an adjunct to this delegation, the Legislature requires the Court of Appeals to appoint three members of the Bar to constitute the State Board of Law Examiners (Judiciary Law, § 56). Further, 22 NYCRR Part 6000 has been adopted by the Court of Appeals as the regulation governing procedures by the Board. Section 6000.4 requires the Board to hold examinations twice each year and sets forth certain areas of law, both substantive and adjective, which the Board must emphasize in the drafting of the semiannual examinations. Section 6000.6 provides for a method by which a failing candidate may review his examination paper. Most significantly, this court can find no authority, either statutory or by rule, which deprives this court of subject matter jurisdiction to hear and determine challenges to determinations by the Board.
In support of their motion to dismiss upon objection in point of law, respondent directs the court’s attention to Matter of Davidson v New York State Bd. of Law Examiners - (86 Misc 2d 744, 748) and the language therein which purports to hold that “the grades of a candidate’s examination for admission to the New York State Bar are not *742 re viewable in an article 78 proceeding.” However, this language must be read within the context of the entire opinion, wherein the court initially found that “[t]he failure to show any arbitrariness, capriciousness or abuse of discretion by respondents defeats petitioner’s application” (supra). Thus, the court’s dismissal of the petition was based upon a judicial determination after the application of the proper measure of review in such a proceeding, i.e., arbitrariness, capriciousness or abuse of discretion. The moment a standard of review is utilized by the court, subject matter jurisdiction must be present. Whether the scope of review is expansive or severely limited, nevertheless, jurisdiction over the subject matter must exist. While there is “no intent by the Legislature to give this Court de novo review of a candidate’s examination paper” (Matter of Gray v State Bd. of Law Examiners, Supreme Ct, Albany County, Jan. 12, 1979, No. 41), this does not support respondent’s assertion that the court lacks subject matter jurisdiction. As recognized by the court in Gray (supra), there is a “standard of review”, that standard being whether the Board’s conduct was “so arbitrary and/or capricious that it can be deemed an abuse of discretion or affected by error of law so as to justify intervention by a court, see, e.g., Matter of Marburg v Cole, (286 NY 202).” In applying this standard of review, petitioner may indeed fail to meet his burden. However, the critical element is that there is in fact a judicial review. Thus, subject matter jurisdiction exists.
It is axiomatic that great discretion should be afforded respondent in its determinations with respect to the grading of examinations, as it is the administrative agency delegated this responsibility and possess the expertise in the subject matter which it regulates (Matter of Pell v Board of Educ., 34 NY2d 222). Its determinations will not be vacated unless no rational basis exists or their action is arbitrary and capricious. In recognition of this standard of review, the Board’s determination not to administer a bifurcated exam has been upheld (Matter of Mahoney v New York State Bd. of Law Examiners, 113 Misc 2d 917). The grading procedures employed in the administering of the 1980 Bar examination were found to not be arbitrary *743 or capricious (Matter of Mazzullo v Board of Law Examiners, Supreme Ct, Albany County, Nov. 13, 1981, No. 21). The Board’s determination of equivalent education required for admission without examination has also been upheld (Matter of Sodha v New York State Bd. of Law Examiners, 105 Misc 2d 159). The above are all examples of instances wherein judicial review has been afforded to litigants who seek to challenge various actions by the Board. While the Board’s determinations have ultimately been sustained in all of the above-cited cases, nevertheless, those actions were subject to judicial review. Indeed, the existence of subject matter jurisdiction was noted in Fruchtman v New York State Bd. of Law Examiners (534 F Supp 692), wherein the plaintiff challenged certain procedures of the Board in Federal court. The court granted the Board’s motion to dismiss upon the finding that plaintiff had the right to commence a CPLR article 78 proceeding in State court to challenge the Board’s action as arbitrary and capricious. Citing Davidson (86 Misc 2d 744, supra), the court noted that “bar exam grades are not reviewable in the absence of any showing of arbitrariness, capriciousness or abuse of discretion by the Board.” (Fruchtman v New York State Bd. of Law Examiners, supra, p 695; emphasis supplied.)
Finally, early on, the Court of Appeals, in upholding the denial of admission, found that a determination of a lack of good moral character was not reviewable because “[t]he General Term, informed by this report, and on reading the testimony presented, not capriciously or willfully, but on judicial consideration thereof, decided that it could not grant the petition of the applicant. This court may not review that decision.” (Matter of Beggs, 67 NY 120; emphasis supplied.) A close analysis of this language reveals that rather than standing for the proposition that review is precluded because of lack of subject matter jurisdiction, exactly the opposite principle of law is established. The court has applied the long-lived standard of arbitrariness and capriciousness, and having found that this standard was not violated, have refused to overturn it. Thus, again, the court has applied a standard of review, thus precluding *744 the argument that it has no subject matter jurisdiction to entertain the appeal in the first instance.
Respondent’s motion to dismiss the petition based on objections in point of law, to wit, that this court lacks subject matter jurisdiction to hear and determine this proceeding, shall be denied. Respondent shall serve its answer within 10 days after service of an order in conformance herewith, with notice of entry.