■ In the Matter of JOAN H. LOEB, Appellant, v NEW YORK STATE BOARD OF LAW EXAMINERS, Respondent.—Mikoll, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered May 21, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner a passing grade in the July 1985 Bar examination.

The issue presented here is whether respondent's determination denying petitioner a passing grade on the July 1985 Bar examination was fair, reasonable and within due process requirements. We find that it was and affirm Supreme Court's judgment dismissing the petition.

The thrust of petitioner's challenge is to the review procedure employed by respondent in assessing petitioner's Bar examination and in denying her a passing grade. Petitioner contends that respondent's failure to provide her with written comments or other substantiation of its decision not to upgrade her essay questions is arbitrary and capricious and without a rational basis. She contends that the review procedure was flawed in that the original grading body passes, as well, on her protest.

Courts are hesitant to interfere with determinations of respondent in matters relating to the administration and grading of Bar examinations *(see, Matter of Mahoney v New York State Bd. of Law Examiners,* 113 Misc 2d 917). Discretion is accorded respondent in deference to its area of expertise. There is a strong presumption that the powers conferred upon an administrative agency will be exercised properly *(see, Matter of Davidson v New York State Bd. of Law Examiners,* 86 Misc 2d 744, 748).

Respondent has been appointed administrator of the admission process by the Court of Appeals *(see,* Judiciary Law § 56). Regulations guiding respondent in the discharge of its responsibilities are set forth in 22 NYCRR part 6000. The affidavit of respondent's executive secretary, James T. Fuller, explains the grading and review procedure in use and applied herein. This includes an opportunity by petitioner to review her test paper and to compare her answers to models against which answers were graded. Her challenge was then reviewed by a person other than the original grader. It is to be noted, too, that New York permits an unlimited right of reexamination for admission to the Bar. We conclude that respondent's review procedure amply complied with the requirements of due process and was otherwise fair and reasonable.

Judgment affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.