■ JOHN R. DUFFY, Respondent, v JOHN E. HOLT-HARRIS, JR., as Chairman of the New York State Board of Law Examiners, et al., Appellants.—In an action for injunctive relief under 42 USC § 1983, the defendants appeal from an order of the Supreme Court, Queens County (Durante, J.), entered November 15, 1988, which denied their motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the complaint is dismissed.

This is an action brought under 42 USC § 1983 wherein the plaintiff alleges, *inter alia,* that the manner in which the defendants, the New York State Board of Law Examiners, graded his New York State Bar examination deprived him of his rights to due process and equal protection under the United States Constitution.

The plaintiff took the July 1985 New York State Bar examination. Based on the allegations contained in his complaint, he answered a portion of an essay question correctly by observing that CPLR 214-a does not have retroactive effect. The plaintiff additionally alleges in his complaint that the substantial majority of other candidates who took the examination did not correctly identify or analyze the retroactivity issue.

Because so few of the candidates correctly analyzed this issue, the defendants decided that the pertinent portion of the essay question at issue should be disregarded in the determination of any of the candidates' scores.

The plaintiff failed the Bar examination. He alleges that if he had received credit for the correct answer that he gave, he would have passed. He alleges that the defendants' decision not to give him such credit amounted to a deprivation of his constitutional rights.

The defendants moved to dismiss the complaint for failure to state a cause of action. In opposition, the plaintiff submitted a letter from John E. Holt-Harris, Jr., the Chairman of the New York State Board of Law Examiners and one of the defendants herein. In that letter, Holt-Harris explained that

the answer in question was discounted because "only a handful of the total candidate pool demonstrated an awareness that [CPLR 214-a] had no retroactive application". Hence, Holt-Harris stated, the defendants reevaluated the question and determined that the "obscure point" was not an appropriate one to be used in the evaluation of a candidate's legal proficiency. Accordingly, the question was not utilized in the determination of a candidate's score.

The Supreme Court denied the defendants' motion. We reverse.

As the administrative agency responsible for the administration of the New York State Bar examination, great discretion should be accorded the defendants with respect to their grading of examinations (see, Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Loeb v New York State Bd. of Law Examiners, 144 AD2d 813; Chin v New York State Bd. of Law Examiners, 118 Misc 2d 740, 742; 7 CJS, Attorney & Client, § 18, at 834). "There is a strong presumption that the powers conferred upon an administrative agency will be exercised properly" (Matter of Loeb v New York State Bd. of Law Examiners, supra, at 814).

As alleged in the complaint, the manner in which the defendants graded the plaintiff's examination was neither invidiously discriminatory nor totally arbitrary (see, Board of Curators, Univ. of Mo. v Horowitz, 435 US 78, 92). Rather, the procedure followed by the defendants was rationally connected to their mandate to provide uniform examinations to test the legal proficiency of candidates for the New York State Bar (see, Schware v Board of Bar Examiners, 353 US 232, 238-239; 22 NYCRR 520.7 [b]). Therefore, the complaint did not set forth a cause of action for the deprivation of the plaintiff's right to due process (see, Matter of McIntosh v Borough of Manhattan Community Coll., 55 NY2d 913; Matter of Loeb v New York State Bd. of Law Examiners, 144 AD2d 813, supra). Moreover, the discounting, by the defendants, of an answer that they determined pertained only to an "obscure point" was rationally related to the legitimate end that the examination fairly test the legal proficiency of all the candidates who took it. Therefore, the manner in which the plaintiff's examination was graded, as set forth in the complaint, was not violative of his right to equal protection (see, Matter of Pascual v State Bd. of Law Examiners, 79 AD2d 1054; see also, Massachusetts Bd. of Retirement v Murgia, 427 US 307, 312; Maresca v Cuomo, 64 NY2d 242, 250; cf., Cleburne v Cleburne Living Center, 473 US 432, 439-440).

Accordingly, the plaintiff's complaint failed to state a cause of action sounding in either due process or equal protection, and therefore should have been dismissed *(see,* CPLR 3211 [a] [7]; *Guggenheimer v Ginzburg,* 43 NY2d 268; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 636). Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.