Matter of Horowitz v Zucker (2019 NY Slip Op 03900)





Matter of Horowitz v Zucker


2019 NY Slip Op 03900


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


9342N 155912/18

[*1] In re Richard Horowitz, M.D., Petitioner-Appellant,
v
Howard Zucker, M.D., et al., Respondents-Respondents.


Jacques G. Simon, Jericho, for appellant.
Letitia James, Attorney General, New York (Philip V. Tisne of counsel), for respondents.



Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered November 28, 2018, denying the petition to quash an administrative subpoena issued by respondent New York State Department of Health, State Board for Professional Medical Conduct, to declare the subpoena unconstitutional, and to issue an injunction, and granting respondents' cross motion to compel compliance with the subpoena, unanimously affirmed, without costs.
In light of the confidentiality requirements imposed by Public Health Law § 230(11)(a), the article 78 court's in camera review of the complaint submitted to respondents concerning potential professional misconduct by petitioner was warranted (see Matter of Levin v Murawski, 59 NY2d 35, 42 n 4 [1983]; Matter of Levin v Guest, 112 AD2d 830, 832 [1st Dept 1985], affd 67 NY2d 629 [1986], cert denied 476 US 1171 [1986]; Atkins v Guest, 201 AD2d 411, 411-412 [1st Dept 1994]; Halper v State Bd. for Professional Med. Conduct, 151 AD2d 643, 644 [2d Dept 1989]; Matter of St. Elizabeth's Hosp. v State Bd. of Professional Med. Conduct, Dept. of Health of State of N.Y., 174 AD2d 225, 228 [3d Dept 1992]; Matter of BU 91-04-1356A, 186 AD2d 1054 [4th Dept 1992]). The court's in-camera review and consideration of the confidential documents in assessing whether the subpoena was valid and enforceable did not violate petitioner's Fourth Amendment or Due Process rights (see Matter of Michaelis v Graziano, 5 NY3d 317, 323 [2005]; Murawski, 159 NY2d at 42 n 2; Atkins, 201 AD2d at 411-412; see generally Securities & Exch. Commn. v Jerry T. O'Brien, Inc., 467 US 735, 742 [1984]). The court therefore correctly denied petitioner's request for declaratory relief and an injunction pursuant to 42 USC § 1983 (see generally Duffy v Holt-Harris, 159 AD2d 542 [2d Dept 1990], lv dismissed 83 NY2d 801 [1994]).
The court also properly ordered petitioner to comply with the subpoena, as it was valid and enforceable (see generally Murawski, 59 NY2d at 41). Respondents had authority to issue the subpoena pursuant to Public Health Law § 230(10)(k), and the court's in camera review established relevancy and a basis for the inquisitorial action (see Matter of Levin v Guest, 112 AD2d at 832).
Even assuming that the court did not specifically delineate which facts it deemed essential [*2]to its decision (CPLR 4213[b]), the record is sufficient for our review, and it is not necessary to remand the matter to the court (see Matter of Allen v Black, 275 AD2d 207, 209 [1st Dept 2000]; Matter of Zisman, 128 AD2d 789 [2d Dept 1987]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK