FOURTH DEPARTMENT, MARCH, 1967

(March 30, 1967)

■ In the Matter of ISABELLE L. LEONARD, Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.— Determination annulled, without costs. Memorandum: We find no substantial evidence in the record to support the determination. All concur, except Marsh, J., who dissents and votes to confirm the determination. (Review of determination suspending driver's license, transferred by order of Monroe Special Term.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

■ PHILIP ALBANO, Respondent, v. SCHWAB BROS. TRUCKING, INC., et al., Defendants, and GLENS FALLS INSURANCE Co., et al., Appellants.— Order unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: Suit had not been commenced on any of the matters now in litigation at the time the statements sought were made but creditors of defendant Schwab were threatening suit if they were not paid. It appears that counsel was retained by Glens Falls Insurance Co. in contemplation of litigation and that the written statements of Baker and Wykoff requested after consultation with and advice from counsel were obtained in preparation for litigation. The surrounding circumstances negate the idea that this was a routine investigation in order to aid the company in making an internal decision upon a policy claim. (*Welch* v. *Globe Ind. Co.*, 25 A D 2d 70.) Since the record clearly demonstrates that the statements of Baker and Wykoff, made on February 17, 1965, were obtained after consultation with counsel and upon his advice they should be protected from discovery as materials prepared for litigation. (*Brunswick Corp.* v. *Ætna Cas. & Sur. Co.*, 27 A D 2d 182.) There will be no undue hardship upon plaintiff if the statements are not produced for he has already had an oral examination of defendant Wykoff and does not allege he could not obtain one of defendant Baker. Plaintiff thus would not be entitled to relief under CPLR 3101 (subd. [d], pars. 1, 2). (3 Weinstein-Korn-Miller, par. 3101.55.) (Appeal from order of Erie Special Term granting motion for discovery and inspection.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

■ NEIL HILLIKER, Appellant, v. DONALD FREGELETTE, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict is against the weight of the evidence. (Appeal from judgment of Chautauqua Trial Term dismissing complaint in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ JOSEPH M. RALABATE, Respondent, v. ARTHUR J. RUMIZEN, Appellant, et al., Defendants.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict is against the weight of the evidence. (Appeal from judgment and order of Erie Trial Term for plaintiff, in an automobile negligence action. Order denied motion for a directed verdict and to set aside verdict.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.