■ BERTHA WARREN, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants.— Order entered October 27, 1969, insofar as appealed from reversed on the law without costs and without disbursements, and the motion for a protective order granted. Following an accident in the subway defendant's motorman obtained the names of two eyewitnesses which he gave to a police officer at the scene, and the names appear on the police blotter. Some time thereafter a senior claims examiner from defendant's law department interviewed these witnesses and obtained their statements. The affidavit of defendant's attorney shows that these statements were taken purely for the purpose of defending the anticipated litigation, and nothing to contradict this highly probable fact is shown, Defendant has made available for discovery the reports of its own employees concerning the accident. Plaintiff seeks discovery of the statements from witnesses and defendant seeks a protective order in regard to them. It is quite clear that statements taken from witnesses to prepare for litigation are attorney's work product and protected (*Reese* v. *Long Is. R. R. Co.*, 24 A D 2d 581; *Rios* v. *Donovan*, 21 A D 2d 409). It is immaterial that the statements may have been taken prior to actual institution of the action (*Finegold* v. *Lewis*, 22 A D 447; *Albano* v. *Schwab Bros. Trucking*, 27 A D 2d 901). Extending the exceptions which exist in the case of reports obtained for purposes other than litigation (*Kandel* v. *Tocher*, 22 A D 2d 513) would serve to make the statute meaningless (see *Reese* v. *Long Is. R. R. Co.*, supra). Concur — Stevens, P. J., Markewich and Steuer, JJ.; McGivern and Nunez, JJ., dissent in the following memorandum by McGivern, J.: The pretrial disclosure sought herein is warranted. The plaintiff, struck by a subway train, has suffered amputations. The information sought was obtained at the scene and almost immediately after the accident when the plaintiff was still in a dire and helpless condition. The statements obtained were taken in the regular course of business and thus not solely as a precursor of

litigation. The plaintiff's attorney attests he has sought to interview the same subject witnesses, but in vain. There are other reasons: Firstly, the circumstances of this case are within the favoring exceptions of "injustice and hardship" in the statute. (CPLR 3101 [subd. d]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.54.) Secondly, the cases support the plaintiff's position. (See *Bloom* v. *New York City Tr. Auth.*, 20 A D 2d 687; *Matter of Fox* v. *City of New York*, 28 A D 2d 20.) Lastly, the trend towards the fullest pretrial disclosure is in accord with the plaintiff's request. (CPLR 104; *Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403.)