David T. Gibbons J.
In this application brought pursuant to article 78 petitioner seeks judgment requiring respondent, Department of Public Works, to make available to him copies *885 of reports prepared by the engineering firm of Parsons, Brinckerhoff, Quade & Douglas.
Edward B. Fitzpatrick, Jr., is a taxpayer and resident of the County of Nassau. He is also the president of corporate petitioner, a New Jersey corporation, licensed to do business in the State of New York.
In January of 1972 petitioner’s construction company as a joint venturer with Schiavone Construction Co., Inc. entered into a contract with the County of Nassau for the construction of two parts of a three-part outfall sewer line between Wantagh and the Atlantic Ocean. These contracts included those portions of the pipeline between Wantagh and the northernmost shore of South Oyster Bay, across the bottom of the bay and then from the southern-most shore of the bay across Jones Beach ending approximately 300 yards from the ocean shore line. At that point another contractor was to construct the sewer line to its disposal field approximately three miles off shore.
In the spring of 1974, during construction of the pipeline’s third phase, it was discovered that several sections of line in South Oyster Bay had been displaced causing seepage of treated effluent into South Oyster Bay.
The cause of the break in the pipe which has resulted in the seepage into the bay is in dispute.
The contractors who constructed the pipeline, Edward B. Fitzpatrick, Jr., Associates and Schiavone Construction Co. Inc., acting as joint venturers, claim that fault for the break in the pipe was due to the faulty design provided by the Nassau County Department of Public Works. On the other hand the latter contends that the break was due to improper and defective workmanship on the part of the contractors.
When the Department of Public Works demanded that the break be repaired, the contractors stated that they would do so under protest.
After the break in the line was discovered, both parties proceeded to obtain engineering studies to determine the cause of the pipe displacement.
The contractors obtained a report from their engineering consultants, Mueser, Rutledge, Wentworth & Johnston.
The Department of Public Works engaged the engineering firm of Parsons, Brinckerhoff, Quade and Douglas to prepare a similar report for it.
*886 The contractors have furnished the county with a copy of their report. The county, however, has declined to permit the contractors to examine its report.
It is the respondent’s refusal to allow the petitioners to have the county’s report which forms the basis of this proceeding which was instituted under the Freedom of Information Law (Public Officer’s Law, art. 6, § 85 et seq.).
Essentially, the position taken by the petitioners is that an exchange of the reports would be helpful to ascertain the "undetermined reason” for the break and that, "Respondent is bound to reveal any and all information relating to the cause of the break in the pipe so that mistakes of the past, assuming they exist, will not be repeated”, and for the further reason that "the project involving approximately $23,000,000.00, tax payer dollars and repair work $1,000,000.00, therefore, all reports bearing on such expenditures are public records and available for review”.
An examination of the respondent’s answer reveals the position of the respondent Department of Public Works to be that any break in the pipeline was to be remedied by the contractors.
By a letter dated May 17, 1974 the contractors stated that the directive by the Department of Public Works for them to "order 15 pieces of pipe now puts us in the position of performing work at additional expenses to us for the reconstruction of the line.” (Emphasis added.) The letter concludes as follows: "Therefore, in accord with article 24 of the agreement entitled 'Disputed Work,’ we are putting you on notice that we are complying with your directive, under protest, and it is to be understood that any such purchase of this pipe is not to be construed as an admission and obligation on the part of Schiavone-Fitzpatrick that we are in any way responsible for the break in the pipeline.”
It was not the legislative intent that all public information must be disclosed. Under the Freedom of Information Law (Public Officers Law, art. 6) it is provided in subdivision 7 of section 88 that: "Notwithstanding the provisions of subdivision one of this section, this article shall not apply to information that is: a. specifically exempted by statute”.
Such exemption is found in CPLR 3101 (subd. [d]) which reads as follows:
"(d) Material prepared for litigation. The following shall not *887 be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship:
"1. any opinion of an expert prepared for litigation; and
”2. any writing or anything created by or for a party or his agent in preparation for litigation. ” (Emphasis supplied.)
Under the facts and circumstances herein presented it is apparent, and the court finds that a viable dispute exists between the contractor and the County of Nassau involving the question concerning upon whom rests the fault for the break in the pipeline, and upon whom will fall the burden of paying for the repair work, which, according to the petition, is one million dollars.
The court is fully cognizant of the beneficial purposes to be achieved by the Freedom of Information Law, and believes that it represents a large forward step in the modern trend disclosing to the members of the public all facts pertaining to governmental operations. However, as above pointed out, this enactment is not without the restraints imposed by CPLR 3101 (subd [d]), and where, as here, there is a dispute arising out of a public contract from which a claim for a large sum of money may be made against the county, any information and material obtained by the county at the suggestion of the County Attorney in order to resist such claim will not be made the subject matter of disclosure under the Freedom of Information Law.
That the material sought to be disclosed by this proceeding was made prior to the commencement of an action does not preclude the privilege against disclosure afforded by CPLR 3101. It is sufficient to prevent disclosure if the material was prepared in contemplation of litigation. (Finegold v Lewis, 22 AD2d 447; Albano v Schwab Bros. Trucking, 27 AD2d 901; Warren v New York City Tr. Auth., 34 AD2d 749.)
The engineer’s report obtained by the county was inspired by the contractor’s letter of May 17, 1974 from which it was made clearly apparent that the latter intended to place the fault for the break upon the county and to charge it for the repair work. The subject report was not part of a routine investigation for the purpose of making a policy decision, but rather to assist in opposing the contractor’s claim.
That which the petitioner is not entitled to obtain in his role as a potential litigant under the restraints imposed upon *888 matter obtained in contemplation of litigation pursuant to CPLR 3101, he cannot obtain in the role as a taxpayer to seek the same disclosure under the Freedom of Information Law.
The cases of Matter of Winston v Mangan (72 Misc 2d 280) and Matter of Dillon v Cahn (79 Misc 2d 300) cited by the petitioner as authority in favor of disclosing the respondent’s report from its engineering consultants, Parsons, Brinckerhoff, Quade & Douglas, are distinguishable from, and have no application to the instant matter for the reason that this report contains the opinion of a potential expert witness who may be called on behalf of the county upon a trial to resist the contractor’s claim for additional compensation to repair the break, and further, that it has been obtained by the County for such express purpose. (Warren v New York City Tr. Auth., supra.)
In Winston, the court found that no ongoing or contemplated litigation existed when the report was obtained, and in Dillon, the case does not present the issue of material prepared for litigation under CPLR 3101.
Accordingly, the petition is dismissed in all respects, and judgment is granted in favor of the respondent.