■   In the Matter of PATRICK T. BURKE, Respondent, v TANYA YUDELSON, as Records Access Officer of the City of Rochester, Appellant.—Judgment unanimously affirmed with costs. Memorandum: Under the Freedom of Information Act (Public Officers Law, §§ 85–89), "internal or external audits" and "files, records, papers or documents required by any other provision of law" are to be made available to the public for inspection or copying (Public Officers Law, § 88, subd 1, pars [d], [i]) "without regard to status or interest" (See Advisory Resolution No. 3, 10-31-74, Access to Records to Any Person, Bulletin of State of New York Committee on Public Access to Records.) Petitioner sought such audits with respect to a construction contract between the City of Rochester and the Great Lakes Dredge and Dock and Dunbar and Sullivan Company, doing business as GLDR, and letters and memoranda with respect to Paul R. Dean and Company, a bond brokerage which held bonds purchased, as retained percentages of city

construction contracts. Respondent refused to permit inspection or copying, alleging that petitioner is the attorney for GLDR (he was, but no longer is) and represents them in litigation with the City of Rochester, that the information requested "relates directly to issues which are the subject of [this] litigation", and that petitioner may not obtain such material without resorting to his remedies under CPLR article 31. The provisions of the Freedom of Information Act do not apply to information that is specifically exempted by statute (Public Officers Law, § 88, subd 7, par a). Contrary to respondent's assertion, however, the provisions of the discovery provisions of the Civil Practice Law and Rules do not restrict disclosure of records made public under the Freedom of Information Act. If the documents are available to the public under the latter, they are not restricted *ipso facto* solely because the applicant is also a litigant. In the absence of any proof that documents are not exempt from disclosure by the provisions of the Freedom of Information Act, the petition was properly granted. (Appeal from judgment of Monroe Supreme court in article 78 proceeding to obtain access to records.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.