■ In the Matter of BENSMITH NINETY EIGHT INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review two determinations of the respondent State Liquor Authority, both dated March 10, 1975; (1) the first of which, after a hearing, canceled petitioner's special on-premises liquor license and imposed a $500 bond claim and (2) the second of which, after an interview, *inter alia*, (a) disapproved petitioner's application for renewal of the said license and (b) recalled the license. Determinations confirmed and proceeding dismissed on the merits, with costs. The authority's finding that petitioner was guilty of the charges herein is supported by substantial evidence and, in light of all of the circumstances, we cannot say that the penalty imposed was shocking to one's sense of fairness (see *Matter of Ahsaf v Nyquist*, 37 NY2d 182; *Matter of Shore Haven Lounge v New York State Liq. Auth.*, 37 NY2d 187). Latham, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.

■ In the Matter of EDWARD B. FITZPATRICK, JR., Individually and as President of EDWARD B. FITZPATRICK, JR., ASSOCIATES, INC., Appellant, v COUNTY OF NASSAU, DEPARTMENT OF PUBLIC WORKS, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to make certain public records available to petitioner, petitioner appeals from an order of the Supreme Court, Nassau County, entered January 5, 1976, which denied his motion, made pursuant to CPLR 5015, to be relieved from a judgment of the same court, entered on October 21, 1975. Order affirmed, with $50 costs and disbursements. We have considered the appellant's contentions and find them to be without merit. Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur. [83 Misc 2d 884.]