Robert J. Trainor, J.
On April 7, 1976, one Stephen Karagianis died, while in the custody of the Yonkers Police Department, in the city’s "overnight facility”, an obvious euphemism for a detention cell or police lockup.
In this article 78 proceeding, the petition seeks to compel the respondents to produce for inspection "the original police report on the events surrounding the death of Stephen Karagianis on April 7, 1976.” The petitioner bases its right to this relief on the Freedom of Information Law, article 6 of the Public Officers Law, more particularly on section 88 thereof. That section contains 10 subdivisions, some with several paragraphs and, generally speaking, requires that all government agencies and entities shall make their records available for public inspection and copying. Subdivision 7, however, exempts from such inspection and copying certain records among which are: "d. part of investigatory files compiled for law enforcement purposes.”
In response to a request by the petitioner to inspect the original police report, the Corporation Counsel of the City of Yonkers by letter dated May 3, 1976, denied the request on the ground that the city was anticipating litigation arising from the matter and stated: "As you realize, the material involved in a litigation is privileged and may not be reached under the Freedom of Information Law. For this reason I must deny your request * * * if the statutory period elapses and no notice of claim is served * * * I would make a complete copy of the report available to you * * * if litigation does ensue, at the time of its ultimate determination, again, the report would be made available to you.” The Corporation Counsel, in the same letter stated: "if you decide to challenge this denial, you have the right to do so by bringing an Article 78 Proceeding in State Supreme Court.” This proceeding followed.
The respondents cross-move to dismiss the petition and have filed an answer raising two separate defenses: 1. that the report sought is a part of the Yonkers Police Department investigatory file, thus is specifically exempted from the provisions of section 88 of the Public Officers Law, and, 2. that the report is one prepared for litigation and is not discoverable by anyone not a party to such litigation. They also assert that a *350 copy of the report was furnished to the District Attorney and he found no grounds for criminal action.
The petitioner, in its reply to the answer, asserts that the respondents may not now interpose section 88 (subd 7, par d) of the Public Officers Law as a defense since they did not, initially, give this as a reason for denial. I see no merit to that argument — if the material is exempt, it is exempt.
If the report sought to be inspected were part of an ongoing, investigatory, police file with criminal proceedings still possible, it would clearly fall within the exception of section 88 (subd 7, par d) and would not be subject to inspection. However, attached to the respondents’ papers is a copy of a letter dated May 10, 1976 from the District Attorney of this county wherein he states that his office has investigated the circumstances surrounding the death of Stephen Karagianis and concludes: "that there is no evidence of anything of a criminal nature in this unfortunate incident.” And, since the respondents concede that a copy of the report in question had been furnished to the District Attorney it must have been considered by him in reaching the conclusion he did, and since he, alone, determines if there is a basis for criminal action, I must find that the report is no longer entitled to the protection afforded by section 88 (subd 7, par d) regardless of the assertion of the police department that the file "is still open.”
The court is satisfied that the petitioner has "standing” to bring this proceeding and will now consider the second cause for refusal of inspection, i.e., that the report constitutes material prepared for litigation. CPLR 3101 provides that there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action excepting, however (CPLR 3101, subd [c]) attorneys’ work product, and (CPLR 3101, subd [d]) material prepared for litigation.
I do not believe that the report in question comes within the purview of CPLR 3101 (subd [c]). This section (see 3-A Weinstein-Korn-Miller, NY Civ Prac, par 3101.44) should be construed very narrowly "to include only these materials prepared by the attorney acting as an attorney, and containing his analysis and trial strategy * * * [such as] interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs and countless other tangible and intangible things.”
CPLR 3101 (subd [d]) states: "Material prepared for litigation. The following shall not be obtainable unless the court *351 finds * * * that withholding it will result in injustice or undue hardship: * * * 2. Any writing or anything created by or for a party or by his agent in preparation for litigation.”
Where, as here, a person dies while in police custody, I feel the Corporation Counsel was acting reasonably in assuming that there would be litigation against the city and had a right to consider any reports made by the police investigators as material prepared for litigation. While it is true that the CPLR does not, ipso facto, restrict disclosure of records made public under the Freedom of Information Act merely because of pending litigation (Matter of Burke v Yudelson, 51 AD2d 673) disclosure may be denied unless it can be shown "that withholding it will result in injustice or undue hardship.” (CPLR 3101, subd [d].) Such injustice or hardship has not been demonstrated. It is a fair assumption that, if available, the petitioner would consider it newsworthy enough to publish. The plaintiff in the pending litigation would thus obtain indirectly that which he could not obtain directly. Balancing the equities, I feel that the respondents would sustain damage that might far outweigh the benefit the petitioner would gain by granting disclosure.
The original police report will ultimately be made available and there has been no proof that time is of the essence. The motion is denied.
The court takes this opportunity to compliment counsel for both sides on the excellence of their oral arguments and the briefs submitted.