Roger J. Miner, J.
Petitioners in this article 78 proceeding seek to obtain certain áppraisal reports to which they claim they are entitled by virtue of the Freedom of Information Law. (Public Officers Law, art 6.) It appears that petitioners are claimants in an action now pending in the Court of Claims. In that action they seek compensation from the State of New York and the Metropolitan Transportation Authority for the appropriation of their real property in the Towns of New Windsor and Newburgh, Orange County, New York, for the Stewart Airport. It further appears that the trial of that action has commenced and the parties have exchanged official reports of appraisal of the property as required by the rules of the Court of Claims. (22 NYCRR 1200.27.) However, certain other appraisals in the possession of respondent have been sought by petitioners without success. The Court of Claims has refused to direct the production of the other appraisals in the litigation pending there, and the respondent has refused to furnish the reports, contending that the Freedom of Information Law is inapplicable.
This petition involves the interplay between the Freedom of Information Law and the restrictions on disclosure described in CPLR article 31. Respondent contends that the material sought here consists of the opinions of experts prepared for litigation and is therefore exempt from disclosure. (CPLR 3101, subd [d], pars 1 and 2; Public Officers Law, § 88, subd 7 par a.) "Contrary to respondent’s assertion, however, the provisions of the discovery provisions of the Civil Practice Law and Rules do not restrict disclosure of records made public under the Freedom of Information Law. If the documents are available to the public under the latter, they are not restricted ipso facto solely because the applicant is also a litigant.” (Matter of Burke v Yudelson, 51 AD2d 673, 674.) It therefore appears that information maintained by a public agency may be more accessible to a person as a member of the general public than to that same person as a litigant.
There remains, then, the question of whether the appraisals sought here are available to the public under the Freedom of Information Law. Subdivision 1 of section 88 of the Public Officers Law enumerates nine categories of information availa *798 ble for inspection and copying. The material sought by this petition does not fit into any one of the categories described in the statute. Specifically, it does not, as contended by petitioners, consist of statistical or factual data or internal or external audits. (Public Officers Law, § 88, subd 1, par d; cf. Burke v Yudelson, supra, affg 81 Misc 2d 870.) Involved here are expert opinions prepared for negotiation or litigation of condemnation claims.
The court is aware of subdivision 10 of section 88 of the Public Officers Law which provides as follows: "Nothing in this article shall be construed to limit or abridge any existing right of access at law or in equity of any party to public records kept by any agency or municipality.” There has been no showing of any pre-existing right to the information sought by petitioners.
Submit judgment for respondent.