■ Antoun Moussa, Individually and as Father and Natural Guardian of Janine Moussa, et al., Infants, et al., Respondents, v State of New York et al., Appellants. (Claim No. 64788.) — Order unanimously reversed, without costs, and motion denied. Memorandum: Defendants appeal from an order granting claimants' motion, pursuant to CPLR 3120, for discovery and inspection of numerous documents and records. The order must be reversed because the documents and records sought are not specifically designated. The hallmark of CPLR 3120 is the requirement for a specific designation in the notice or order (*Rios v Donovan,* 21 AD2d 409, 413; *City of New York v Friedberg & Assoc.,* 62 AD2d 407, 409). Claimants' attempt to designate documents by the use of the word "all" is an indication of an absence of specificity (*Miller v Columbia Records,* 70 AD2d 517) and renders the request "'palpably improper'" (*Ehrlich v Ehrlich,* 74 AD2d 519; *City of New York v Friedberg & Assoc.,* 62 AD2d 407, 410, *supra*). The fact that the claimants may obtain the information requested pursuant to the Freedom of Information Law (Public Officers Law, art 6) does not warrant the disclosure requested under CPLR article 31. "[T]he standing of one who seeks access to records under the Freedom of Information Law is as a member of the public, and is neither enhanced (*Matter of Fitzpatrick v County of Nassau, Dept. of Public Works,* 83 Misc 2d 884, 887-888, affd 53 AD2d 628) nor restricted (*Matter of Burke v Yudelson,* 51 AD2d 673, 674) because he is also a litigant or potential litigant." (*Matter of John P. v Whalen,* 54 NY2d 89, 99.) As a corollary, the standing of one who seeks to discover records under the discovery provisions of CPLR article 31 is as a litigant, and is neither enhanced nor restricted because he may have access, as a member of the public, to those records under the Freedom of Information Law. The procedures to be followed under each of these statutes are distinctly different. If the claimants desire to obtain the information they seek under the Freedom of Information Law, they must first apply to the records access officer and if their application is denied, they must appeal to the appeals officer. They cannot seek redress from the court until they exhaust these administrative remedies (*Matter of Cosgrove v Klingler,* 58 AD2d 910). (Appeal from order of Court of Claims, McMahon, J. — discovery.) Present — Simons, J. P., Hancock, Jr., Callahan, Boomer and Moule, JJ.