62 N.Y.2d 75 (1984)
In the Matter of M. Farbman & Sons, Inc., Appellant,
v.
New York City Health and Hospitals Corp. et al., Respondents.
Court of Appeals of the State of New York.
Argued March 23, 1984.
Decided May 10, 1984.
Thomas G. DeLuca for appellant.
Frederick A. O. Schwarz, Jr., Corporation Counsel (Helen P. Brown and Michael Gage of counsel), for respondents.
Chief Judge COOKE and Judges JASEN, JONES, WACHTLER, MEYER and SIMONS concur.
*78 KAYE, J.
Access to records of a government agency under the Freedom of Information Law (FOIL) (Public Officers Law, art 6) is not affected by the fact that there is pending or potential litigation between the person making the request and the agency. Because the court below erroneously concluded that FOIL is unavailable to a litigant, and that CPLR article 31 is a blanket exemption from FOIL, we reverse the dismissal of the petition, with costs, and reinstate Special Term's order calling for an in camera inspection to test the agency's claimed exemptions.
In 1977, appellant, M. Farbman & Sons, Inc., contracted with the New York City Health and Hospitals Corporation (HHC), to perform plumbing work at Harlem Hospital. Although the work was to be finished by May, 1979, completion was delayed until November 12, 1980, evidently resulting in cost overruns. On April 13, 1981, Farbman made a FOIL request for 14 categories of records, encompassing most of the documents relating to the construction project. The HHC records access officer denied the request because its scope was "beyond the limits and *79 objectives of the Freedom of Information Law." Pursuant to section 89 (subd 4, par [a]) of the Public Officers Law, Farbman appealed to respondent Stanley Brezenoff, HHC president, who affirmed the denial on the ground that the request was "so encompassing and unspecific that it is not in keeping with the spirit or the letter" of FOIL.
Farbman then commenced this article 78 proceeding to compel production in accordance with its request. HHC claimed in response that the petition should be dismissed because Farbman was using FOIL in an effort to gather material for litigation in circumvention of the CPLR, and because requested documents were exempt from disclosure under section 87 (subd 2, par [g]) of the Public Officers Law as inter-agency or intra-agency materials. Special Term held that HHC had not established an exemption from FOIL's disclosure requirements and ordered an in camera inspection of the documents as to which an exemption was claimed. Before any decision, however, Farbman filed a notice of claim and commenced a breach of contract action against HHC. In view of the litigation HHC moved to reargue and renew, but Special Term adhered to its determination. On appeal, the Appellate Division reversed and dismissed the petition, citing its "continually unanimous position against the use of FOIL to further in-progress litigation." (94 AD2d, p 578.) The Appellate Division further determined that the five requests that remained unsatisfied, three of which it concluded were exempt from FOIL as inter-agency or intra-agency materials, would be improper as discovery requests under CPLR 3120, and "this test of specificity is equally applicable to petitioner's request, made pursuant to FOIL". (94 AD2d, p 579.) We now reverse this order.
FOIL implements the legislative declaration that "government is the public's business" (Public Officers Law, § 84), and imposes a broad standard of open disclosure upon agencies of the government. The statute "proceeds under the premise that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government." (Matter of Fink v Lefkowitz, 47 N.Y.2d 567, 571.) In furtherance of the legislative objective, all records *80 of an agency are presumptively available for public inspection and copying, unless they fall within one of eight categories of exemptions. (Public Officers Law, § 87, subd 2.) To give the public maximum access to records of government, these statutory exemptions are narrowly interpreted, and the burden of demonstrating that requested material is exempt from disclosure rests on the agency. (Matter of Washington Post Co. v New York State Ins. Dept., 61 N.Y.2d 557.) FOIL does not require that the party requesting records make any showing of need, good faith or legitimate purpose; while its purpose may be to shed light on government decision-making, its ambit is not confined to records actually used in the decision-making process. (Matter of Westchester Rockland Newspapers v Kimball, 50 N.Y.2d 575, 581.) Full disclosure by public agencies is, under FOIL, a public right and in the public interest, irrespective of the status or need of the person making the request.
CPLR article 31 proceeds under a different premise, and serves quite different concerns. While speaking also of "full disclosure," article 31 is plainly more restrictive than FOIL. Access to records under the CPLR depends on status and need. With the goals of promoting both the ascertainment of truth at trial and the prompt disposition of actions (Allen v Crowell-Collier Pub. Co., 21 N.Y.2d 403, 407), discovery is at the outset limited to that which is "material and necessary in the prosecution or defense of an action." (CPLR 3101, subd [a].) Broad, unparticularized document demands are improper. (Compare CPLR 3120 and Public Officers Law, § 89, subd 3.) On its own initiative or on motion of any party or witness, a court may issue a protective order denying or regulating document production, to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to any person or the courts (CPLR 3103). Unlike the right of a member of the public to inspect and copy the files of government under FOIL, a litigant has no presumptive right under the CPLR to its adversary's files.
When, as here, a government agency is involved in litigation, is its adversary, for purposes of access to the agency's records, a litigant governed by article 31, or a *81 member of the public under FOIL? Recognizing that compelling policy considerations support either position, we hold that FOIL's mandate of open disclosure requires that an agency's public records remain as available to its litigation adversary as to any other person. Contrary to the conclusion reached by the court below, and urged by respondents, we hold that CPLR article 31 is not a statute "specifically exempt[ing]" public records from disclosure under FOIL (Public Officers Law, § 87, subd 2, par [a]).
Given FOIL's purpose, its broad implementing language, and the narrowness of its exemptions, article 31 cannot be read as a blanket exception from its reach. While an express statement, such as found in subdivision (7) of section 171-a of the Tax Law, is not necessary to establish an exemption from FOIL under a State statute, what is required is clear legislative intent to establish and preserve confidentiality. (Matter of John P. v Whalen, 54 N.Y.2d 89, 96-98; Matter of Short v Board of Managers of Nassau County Med. Center, 57 N.Y.2d 399.) No such intention can be gleaned from the declaration of CPLR 3101 (subd [a]) that only evidence "material and necessary" to an action be produced. In the absence of indication from the Legislature, we refuse to read into FOIL the restriction that, once litigation commences, a party forfeits the rights available to all other members of the public and is confined to discovery in accordance with article 31. If the Legislature had intended to exempt agencies involved in litigation from FOIL, it certainly could have so provided. Nowhere in FOIL, enacted 11 years after the CPLR, is there specific reference to records already subject to production under article 31, and no provision of FOIL bars simultaneous use of both statutes. When FOIL was amended in 1977 (see L 1977, ch 933, § 1), issues regarding the interplay between the two statutes already simmered in the courts (see, e.g., Matter of D'Alessandro v Unemployment Ins. Appeal Bd., 56 AD2d 762; and Matter of Burke v Yudelson, 51 AD2d 673), yet the Legislature made no reference to article 31 document production in FOIL, but only broadened public access to documents.
An article 31 exemption from FOIL, moreover, would be unique among FOIL exemptions in that it would depend *82 not on the need to maintain individual privacy or the government's need for confidentiality of the records but on the status of the party making the request. Though denied to a litigant, these records would remain available to the public. As we have stated in Matter of John P. v Whalen (54 N.Y.2d 89, 99, supra), "the standing of one who seeks access to records under the Freedom of Information Law is as a member of the public, and neither enhanced (Matter of Fitzpatrick v County of Nassau, Dept. of Public Works, 83 Misc 2d 884, 887-888, affd 53 AD2d 628) nor restricted (Matter of Burke v Yudelson, 51 AD2d 673, 674) because he is also a litigant or potential litigant." To be distinguished of course would be claimed exemptions from FOIL on the basis of privilege (CPLR 3101, subd [b]), attorney's work product (CPLR 3101, subd [c]), and material prepared for litigation (CPLR 3101, subd [d]), none of them tied to the particular status of the party making the request. Since respondents have made no claim that any of its records are being withheld for these reasons, we have no occasion to consider whether these categories would be "specifically exempted" from disclosure by virtue of section 87 (subd 2, par [a]) of the Public Officers Law.
That FOIL may be used during litigation for improper purposes, such as harassment and delay, is a genuine concern. We note that the Appellate Divisions have addressed such problems as they have arisen in particular cases. In Brady & Co. v City of New York (84 AD2d 113), for example, the court struck an action from the trial calendar where the plaintiff filed a note of issue and statement of readiness without having conducted discovery under the CPLR, and thereafter submitted a FOIL request. (See, also, Moussa v State of New York, 91 AD2d 863.) The potential for abuse through FOIL is in a sense a price of open government, and should not be invoked to undermine the statute.
Turning now to the request itself, the court below concluded that appellants' request was not sufficiently specific to meet the requirements of CPLR 3120, and this same test of specificity should apply to FOIL requests. While appellant's request may well have been insufficient under CPLR 3120, which demands that documents be "specifically designated," that standard is inapplicable under FOIL, which *83 requires only that the records be "reasonably described" (Public Officers Law, § 89, subd 3) so that the respondent agency may locate the records in question. (Matter of Johnson Newspaper Corp. v Stainkamp, 94 AD2d 825, affd 61 N.Y.2d 958.) While complaining that the request is so broad as to require thousands of records, respondents have not established that the descriptions were insufficient for purposes of locating and identifying the documents sought.
Respondents' final argument is that the five remaining items of appellant's FOIL request are exempt from production under section 87 (subd 2, par [g]), which protects inter-agency or intra-agency materials. Where an exemption is claimed, the burden lies with the agency "to articulate particularized and specific justification", and to establish that "the material requested falls squarely within the ambit of [the] statutory exemptions." (Matter of Fink v Lefkowitz, 47 N.Y.2d 567, 571, supra.) Respondents have not demonstrated as a matter of law that all of the records requested by appellant are in fact inter-agency or intra-agency materials or, even if so, that they are not statistical or factual tabulations, or instructions to staff that affect the public, or final agency policy or determinations. The proper procedure for reaching a determination is the in camera inspection ordered by Special Term. (See Church of Scientology v State of New York, 46 N.Y.2d 906, 908.)
Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Special Term reinstated.
Order reversed, with costs, and the order of Supreme Court, New York County, reinstated.