■ In the Matter of WARREN M. LEVIN, Respondent, v C. MAYNARD GUEST, as Executive Secretary of the State Board for Professional Medical Conduct, Appellant.—Order of the Supreme Court, New York County (A. Klein, J.), entered February 29, 1984, which granted petitioner's motion to quash a subpoena duces tecum and denied respondent's cross motion to enforce said subpoena, is reversed on the law and facts, without costs or disbursements, and the motion by petitioner denied and respondent's cross motion granted.

The respondent Board received a report setting forth allegations of professional misconduct by the petitioner physician. After an initial investigation by an agent of the Board, the results of the investigation were presented to a panel of the Board, which directed that a subpoena be issued for petitioner's patient records for three named patients.

On September 15, 1980, a subpoena duces tecum was issued which called for the production of the following: "Any and all records, documents or other writings pertaining to Donald McDougall, Florence McDougall and Mrs. Jean Kauffman." The subpoena was silent as to the purpose of the investigation, any alleged charges or complaints against petitioner, the relevancy of the records sought, and the authority pursuant to which it was issued.

Petitioner physician moved to quash the subpoena duces tecum and respondent Board cross-moved to compel compliance. Special Term granted the motion to quash and denied the cross motion to compel compliance. On appeal to this court, the decision of Special Term was reversed (*Matter of Levin v Murawski,* 88 AD2d 529). The Court of Appeals reversed and reinstated the order of the Supreme Court (*Matter of Levin v Murawski,* 59 NY2d 35).

After the Court of Appeals decision, the respondent Board issued another, virtually identical subpoena, which forms the basis of this appeal. That subpoena, dated August 29, 1983, commanded petitioner to produce:

"Your records relating to your patients

"A) Donald McDougall

"B) Florence McDougall

"C) Jean Kauffman". Once again the subpoena was silent as to the purpose of the investigation, any alleged charges or complaints against petitioner, the relevancy of the records sought, and the authority pursuant to which it was issued. Petitioner Levin moved to quash the subpoena and respondent Board cross-moved to compel compliance.

In support of its cross motion to enforce the subpoena, the respondent Board stated that the Board, charged with the duty of investigating charges of professional misconduct by physicians, received a complaint "alleging professional misconduct by Warren M. Levin, M. D. with respect to the medical assistance rendered by him to [the three individuals named in the subpoena]." After a preliminary investigation by an investigator of the Board, the matter was reviewed by a panel of the Board which authorized the issuance of the subpoena herein. In authorizing the subpoena the panel had before it, and considered, certain "sensitive information which was obtained from a source which the department is mandated by statute to keep confidential". Because of that statutory mandate, the Board declined to make public specific information in the affidavits submitted in opposition to the motion to quash or in support of the cross motion to compel compliance. However, the Board offered "in camera" the material constituting the "confidential letter of complaint", the preliminary report by its investigator and other material.

After reviewing the in camera material, Special Term granted petitioner's motion to quash the subpoena and denied respondent's cross motion to enforce the subpoena, finding that "the State Board has failed to make a threshold demonstration of the authenticity of the complaint to justify the issuance of the subpoena".

Upon our review of the confidential material, we disagree with the conclusion of Special Term and find that it establishes a minimum threshold foundation justifying the issuance of a subpoena by the respondent. The complaints are sufficient to rule that there is enough substance to warrant further investigation.

In order to enforce the office subpoena duces tecum issued herein, the respondent Board is required to make a minimum threshold showing that the complaint is authentic and that it is of sufficient substance to warrant investigation (*Matter of*

*Levin v Murawski, supra,* p 38). Respondent, rather than divulge the purpose of the investigation and the alleged charges to the petitioner, attempted to demonstrate, through "in camera" material submitted to Special Term, that the allegations were made by a bona fide complainant and verified by an agent of respondent. Respondent claims that if it is required to disclose the facts underlying the complaints at this early stage, an important source of information will dry up. If the names of the complainants are made known to the petitioner, especially at the early investigational stage, the complainants may be subject to various types of harassment, including lawsuits, however groundless. Moreover, Public Health Law § 230 (11) (a), mandates that reports of professional misconduct be kept confidential. In addition, premature discovery of the sort demanded by the petitioner could lead to destruction or sanitizing of the records sought by the agency when the subject of the investigation becomes aware of the specific purpose for which the agency seeks to examine the subpoenaed records.

As stated by the Court of Appeals: "If the issuing agency demonstrates the delicacy of a particular investigation or the risk of and consequences attendant on premature disclosure, it may be appropriate to take proof of the threshold foundation *in camera* (see *Matter of Sussman v New York State Organized Crime Task Force,* 39 NY2d 227, 233)." (*Matter of Levin v Murawski,* 59 NY2d 35, 42, n 4, *supra.*)

Since the Board was under a duty to maintain the confidentiality of reports of misconduct it received pursuant to the Public Health Law § 230 (11) (a), this was precisely the type of situation to which an in camera proceeding should apply. Concur—Kupferman, J. P., Ross, Asch, Bloom and Rosenberger, JJ.