■ In the Matter of C. MAYNARD GUEST, as Executive Secretary of the State Board for Professional Medical Conduct of the Health Department of the State of New York, Appellant, v NEIL BLOCK, Respondent.—Kane, J. P. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered July 11, 1986 in Albany County, which, inter alia, quashed petitioner's subpoena duces tecum, and (2) from an order of said court, entered February 17, 1987 in Albany County, which denied petitioner's motion for leave to reargue or renew.

In November 1984, a complaint was filed with the State

Board for Professional Medical Conduct alleging acts of professional misconduct by respondent, a physician. After conducting an investigation, petitioner authorized the issuance of a subpoena to aid in the investigation. The subpoena directed respondent to "produce and deliver * * * your entire file, including your medical records and correspondence pertaining to Harry Klapik". Respondent refused to comply with the subpoena and, by order to show cause, petitioner moved to compel compliance with the subpoena. Respondent cross-moved, *inter alia,* to quash the subpoena. Supreme Court granted respondent's cross motion to quash the subpoena, noting in its decision that petitioner had failed to make the minimal threshold showing of authenticity and factual basis necessary to sustain a nonjudicial subpoena. Petitioner then moved for leave to renew or reargue. This motion was denied and the instant appeals ensued.

Noting that any report of alleged misconduct should remain confidential, petitioner, in support of his motion to compel compliance with the subpoena, offered to present the complaint and investigation file to Supreme Court for in camera inspection. Supreme Court, without explanation, denied this request in quashing the subpoena. We find this action erroneous *(see, Matter of Levin v Murawski,* 59 NY2d 35, 42, n 4; *Matter of Levin v Guest,* 112 AD2d 830, 832, *affd* 67 NY2d 629, *cert denied* 476 US 1171). Accordingly, we have examined the complaint and investigation file in camera and conclude that petitioner had sufficient facts to justify issuance of the subpoena. The order entered July 11, 1986 should therefore be reversed; the appeal from the order entered February 17, 1987 should be dismissed as academic.

Order entered July 11, 1986 reversed, on the law, without costs, motion to compel compliance with subpoena granted and cross motion denied.

Appeal from order entered February 17, 1987 dismissed, as academic, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.