■ HERBERT L. HALPER, Appellant, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent.—In a proceeding pursuant to CPLR 2304 to quash a nonjudicial subpoena duces tecum, the petitioner appeals from an order of the Supreme Court, Kings County (Williams, J.), dated October 22, 1987, which denied his petition and granted the respondent's cross application to compel compliance with the subpoena.

Ordered that the order is affirmed, with costs, and the petitioner's time to comply with the subpoena is extended until 10 days after service upon him of a copy of this decision and order, with notice of entry.

Where the confidential nature of an investigation can be

demonstrated, as in this case, the Supreme Court has the discretionary authority to determine the validity of a subpoena on the basis of in camera submissions (see, Matter of Levin v Murawski, 59 NY2d 35, 42, n 4; Matter of Levin v Guest, 112 AD2d 830, 832; see also, Early v County of Nassau, 98 AD2d 789). In this case, the respondent's investigation into possible professional medical misconduct required confidentiality (see, Public Health Law § 230 [11]). Consequently, the in camera procedure employed by the court was proper.

Furthermore, the respondent's in camera submissions sufficiently established the relevancy of all the records requested. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.