In the Matter of JULIETA MURPHY, Respondent, v NEW YORK STATE EDUCATION DEPARTMENT, OFFICE OF PROFESSIONAL DISCIPLINE, Appellant.

First Department, June 22, 1989

*Steven DeMaggio* for respondent.

*Robert Reed* of counsel *(Robert Abrams, Attorney-General,* attorney), for appellant.

## OPINION OF THE COURT

Ross, J.

The principal issue presented to us on this appeal is whether the New York State Freedom of Information Law (Public Officers Law art 6) requires the New York State Education Department, Office of Professional Discipline, to disclose the name, address and telephone number of a complainant, although Education Law § 6510 (8) makes such information confidential.

Ms. Julieta Murphy is an Argentina-trained dentist, and, in July 1985, she completed a two-year course of study for foreign-trained dentists, which was given at New York University.

After the New York State Board for Dentistry received a letter, which complained about Ms. Murphy's moral fitness, in approximately 1984, the New York State Education Department (Department), Office of Professional Discipline (OPD), commenced an investigation. Subsequently, in November 1985, Ms. Murphy was arrested on charges of unauthorized practice of dentistry, and unauthorized use of a professional title. Thereafter, as a result of a negotiated plea, on December 16, 1985, she pleaded guilty to the crime of the unauthorized use of a professional title, which is a class A misdemeanor (Education Law § 6513 [1]).

Following her conviction, Ms. Murphy applied, in March 1986, for a New York State dental license, and her application was opposed by OPD, upon the ground of her alleged unauthorized practice of dentistry.

In October 1986, a panel of the State Board for Dentistry (panel) held a hearing into Ms. Murphy's moral fitness. The complainant did not testify at that hearing, and the OPD did not reveal the complainant's identity. OPD, in order to prove its case against Ms. Murphy, relied primarily upon the testimony of a special investigator, who claimed that Ms. Murphy had practiced dentistry on him. After the completion of that hearing, on March 31, 1987, the panel denied Ms. Murphy a dental license.

By letter dated June 6, 1988, to the prosecution division of

OPD, counsel for Ms. Murphy sought another hearing by a new panel, and, *inter alia,* requested the disclosure of the identity of the complainant. As a result of an OPD attorney denying this request for the complainant's identity, counsel for Ms. Murphy, in another letter, dated June 17, 1988, to a senior attorney in the legal services division of OPD, renewed his request for that information. Thereafter, an OPD administrative officer, by letter, dated November 29, 1988, informed counsel for Ms. Murphy that his request "for any identifying information concerning the original complainant who will not be a prosecution witness, is denied". Also, that letter informed Ms. Murphy's counsel that a new hearing was scheduled for December 16, 1988.

Based upon, *inter alia,* OPD's refusal to disclose the complainant's identity, on or about December 5, 1988, Ms. Murphy (petitioner), pursuant to Public Officers Law § 89, instituted a proceeding to compel OPD to disclose that information. OPD submitted an affidavit in opposition, which contended, *inter alia,* that petitioner had failed to exhaust her administrative remedies, and OPD's investigatory files, which identify the complainant, are exempted by statute from disclosure under the Freedom of Information Law (FOIL), which is found in article 6 of the Public Officers Law. By order and judgment, entered December 15, 1988, an IAS court granted so much of petitioner's application as sought the complainant's identity. OPD appealed.

Following our review of the provisions of FOIL, we find the legislative purpose was to enhance to the fullest permissible extent, the access of the public to records and information in the possession of State and local governmental agencies (Public Officers Law § 84). In pertinent part, the Legislature states in Public Officers Law § 84, "The people's right to know the process of governmental decision-making and to review the documents and statistics leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality".

The Court of Appeals in *Matter of Fink v Lefkowitz* (47 NY2d 567, 571 [1979]) held that the balance, between the general policy of disclosure under FOIL, and the legitimate governmental need to keep certain matters confidential in the public interest, "is presumptively struck in favor of disclosure".

Although the public policy favors disclosure, the Legisla-

ture, in its wisdom, has "devised a detailed system to insure that * * * there is a means by which an agency may properly withhold from disclosure records found to be exempt *(see, Public Officers Law § 87 [2]; § 89 [2], [3])" (Matter of Capital Newspapers v Whalen,* 69 NY2d 246, 253 [1987]). However, those statutory exemptions are narrowly construed *(Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557, 564 [1984]). Moreover, an agency, opposing a request for disclosure of its records, has the burden of proving that such records are exempt *(Matter of Westchester Rockland Newspapers v Kimball,* 50 NY2d 575, 580 [1980]).

Since FOIL exempts from disclosure material, which is "specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]), OPD contends it does not have to reveal the complainant's identity, in view of the fact such information is part of the Department's investigatory files, and those files are made confidential by statute. Education Law § 6510 (8) states, in pertinent part: "The files of the department relating to the investigation of possible instances of professional misconduct, or the unlawful practice of any profession licensed by the board of regents, or the unlawful use of a professional title or the moral fitness of an applicant for a professional license or permit, shall be confidential and not subject to disclosure at the request of any person, except upon the order of a court in a pending action or proceeding".

As set forth *supra,* the sole exception to the confidentiality requirement of Education Law § 6510 (8) is when a court orders disclosure "in a pending action or proceeding". The rules of statutory construction require courts, in order to carry out legislative intent, to give language contained in a statute "its natural and most obvious meaning" *(Price v Price,* 69 NY2d 8, 15 [1986]). Applying these rules to the phrase "order of a court in a pending action or proceeding" (Education Law § 6510 [8]), we find the plain meaning of that phrase to be a court may only order disclosure, when an action or proceeding preexists the disclosure request.

We held in *Matter of Levin v Guest* (112 AD2d 830, 832 [1st Dept 1985], *affd on mem below* 67 NY2d 629 [1986], *cert denied* 476 US 1171 [1986]) that a State regulatory body, during its investigation into allegations of professional misconduct, may keep the identity of a complainant confidential, since premature disclosure of such information could cause "an important source of information * * * [to] dry up", and

"complainants may be subject to various types of harassment, including lawsuits, however groundless".

Our review of the record in the instant case indicates that petitioner requests disclosure of the complainant's identity, even though the complainant did not testify at the prior hearing, the petitioner does not contend that the complainant will testify at the new hearing, and at this time, there is neither an action nor a proceeding pending, concerning the merits of whether petitioner should be issued a license, since the new hearing, mentioned *supra,* has not commenced.

Since petitioner's instant proceeding, under FOIL, did not exist prior to her request for disclosure, we find there is no independent purpose for this proceeding, other than the disclosure request. Furthermore, even if we treat petitioner's request as an application, pursuant to CPLR article 78, the application would still not be a pending action or pending proceeding, authorizing a court to direct disclosure under Education Law § 6510 (8).

A unanimous Court of Appeals states in *Matter of John P. v Whalen* (54 NY2d 89, 99 [1981]) "that the standing of one who seeks access to records under the Freedom of Information Law is as a member of the public, and is neither enhanced *(Matter of Fitzpatrick v County of Nassau, Dept. of Public Works,* 83 Misc 2d 884, 887-888, *affd* 53 AD2d 628) nor restricted *(Matter of Burke v Yudelson,* 51 AD2d 673, 674) because he is also a litigant or potential litigant". We note that the doctor in *Matter of John P. v Whalen (supra)* whose patient records were the source of the Department of Health's investigation into allegations of professional misconduct against the doctor, was in no different position than the petitioner herein.

In summary, based upon our analysis *supra,* we find that the confidential investigatory files of OPD are exempt from disclosure under FOIL, and we further find that petitioner has not offered any meritorious reason to justify a court order directing disclosure under Education Law § 6510 (8). Accordingly, we find that the IAS court erred, and we reverse, and deny petitioner's application for the complainant's name, address, and telephone number.

It has repeatedly been held that "[b]efore a person seeking information under FOIL may resort to a judicial forum to gain relief, he must have exhausted his administrative remedies (Public Officers Law § 89 [4] [a]). To the extent that petitioner

claims his requests were not fully complied with, he should direct his request for further information to the head of the agency possessing the documents he wishes to inspect. If the request is then denied, the petitioner will have appropriate recourse in the courts through a CPLR article 78 proceeding (Public Officers Law § 89 [4] [b])" *(Matter of Kurland v Mc-Laughlin,* 122 AD2d 947, 949 [1986]; *Moussa v State of New York,* 91 AD2d 863 [1982]; *Matter of Cosgrove v Klingler,* 58 AD2d 910 [1977]).

FOIL requires that each agency must promulgate rules and regulations pertaining to the availability of its records, and the procedures to be followed by the public, in order to obtain same (Public Officers Law § 87 [1] [b]). Pursuant to that statute, the Department regulations require that a person, who seeks to inspect and/or copy records, must first apply to a records access officer, and if denied, may appeal to the Department Commissioner (8 NYCRR 187.1, 187.2, 187.4 [b]; 187.6).

Since our review of the record indicates that there is no evidence that petitioner ever applied, in accordance with the Department's regulations, to the Department's records access officer for information about the complainant's identity, or appealed to the Department Commissioner, from the denial of that information by the OPD administrative officer, mentioned *supra,* we find that petitioner has not exhausted her administrative remedies. Therefore, "petitioner's demand for relief pursuant to * * * [her] FOIL request is not properly before * * * [the] court" *(Matter of Kurland v McLaughlin, supra,* at 949).

We have considered the other points raised on appeal, and find them to be without merit.

Accordingly, order and judgment (one paper), Supreme Court, New York County (Myriam J. Altman, J.), entered December 15, 1988, which granted petitioner's, Ms. Julieta Murphy, application for an order directing respondent, New York State Education Department, Office of Professional Discipline, to provide her with the name, address and telephone number of a complainant, should be reversed to the extent appealed from, on the law and on the facts, the application is denied, and the proceeding is dismissed, without costs.

MURPHY, P. J., KASSAL, ROSENBERGER and RUBIN, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on December 15, 1988, unanimously reversed, to the extent appealed from, on the law and on the facts, without costs and without disbursements, the application denied, and the proceeding dismissed.