■ In the Matter of BU-90-09-2400.—Order unanimously reversed on the law without costs and cross motion granted. Memorandum: The Executive Secretary of the Board for Professional Medical Conduct issued a subpoena duces tecum directing respondent, an ophthalmologist, to produce all records, documents and correspondence relating to the care and treatment of an identified patient. When respondent initially questioned the validity of the subpoena and the propriety of its issuance, the Board moved to compel compliance with the subpoena. The Board submitted, as part of its moving papers, its confidential investigatory materials for the court's in camera review. Respondent cross-moved to quash the subpoena upon the grounds that the document executed by the Board's Committee on Professional Conduct authorizing issuance of the subpoena failed to delineate the documents to be produced and that the subpoena duces tecum failed to reveal, on its face, the factual justification for the subpoena. Supreme Court, relying upon *Dombroff v State Bd. for Professional Med. Conduct* (131 Misc 2d 472), held that, because the Committee's authorization for the subpoena duces tecum failed to delineate the documents to be produced by respondent, the Committee

did not give "specific approval" for issuance of the subpoena pursuant to Public Health Law § 230 (10) (k). Supreme Court quashed the subpoena.

We conclude that the "specific approval" required by Public Health Law § 230 does not obligate a committee on professional conduct to delineate specific documents or to provide guidelines regarding the documents that are to be subpoenaed. We disagree, therefore, with the analysis in *Dombroff v State Bd. for Professional Med. Conduct (supra)*. The statute itself provides guidelines for the scope of materials that may be subpoenaed *(see,* Public Health Law § 230 [10] [k]). The statutory scheme does require, however, that a committee on professional conduct possess a good faith justification for the issuance of a subpoena *(see, Matter of Levin v Murawski,* 59 NY2d 35; *Matter of Levin v Guest,* 112 AD2d 830, *affd* 67 NY2d 629, *cert denied* 476 US 1171). In our view, the legislative mandate that the committee give its prior approval to the issuance of subpoenas is designed to ensure that the committee reviews its investigatory file and determines that a sufficient basis exists for further investigation and that subpoenas will aid in that investigation. In this context, "specific approval" means only that the committee approve the issuance of subpoenas in a particular investigation.

Supreme Court did not reach the issue whether the materials submitted for in camera review provided sufficient justification for issuance of the subpoena. Those materials have been submitted to this court and in the interest of judicial economy, we have reviewed the materials and conclude that a sufficient basis did exist for issuance of the subject subpoena *(see, Matter of Levin v Murawski,* 59 NY2d 35, 41-42, *supra; Matter of Levin v Guest,* 112 AD2d 830, *supra).* (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Quash Subpoena.) Present—Callahan, J. P., Boomer, Balio, Lawton and Doerr, JJ.