■ In the Matter of BU 91-02-0448A. In the Matter of BU 91-01-0161A. In the Matter of BU 90-06-1760A. In the Matter of BU 91-04-1358A. In the Matter of BU 91-03-0729A. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.25). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Quash Subpoena.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.

■ In the Matter of BU 91-02-0448A. In the Matter of BU 91-01-0161A. In the Matter of BU 90-06-1760A. In the Matter of BU 91-04-1358A. In the Matter of BU 91-03-0729A. (Appeal No. 2.)—Appeal from order insofar as it denied reargument and resettlement unanimously dismissed without costs (see, Gifaldi v Dumont Co., 172 AD2d 1025, 1026) and otherwise order affirmed. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Quash Subpoena.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.

■ In the Matter of BU 91-02-0448A. In the Matter of BU 91-01-0161A. In the Matter of BU 90-06-1760A. In the Matter of BU 91-04-1358A. In the Matter of BU 91-03-0729A. (Appeal No. 3.)—Resettled order unanimously affirmed with costs (see, Matter of BU 90-09-2400, 184 AD2d 1028). (Appeal from Resettled Order of Supreme Court, Erie County, Mintz, J.— Quash Subpoena.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.

■ In the Matter of JOSUE ROMAN, Petitioner, v THOMAS A. CONSTANTINE, Superintendent of the New York State Police, Respondent.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: Upon our review of the record, we conclude that respondent's determination was supported by substantial evidence (see, Matter of Ligreci v Honors, 171 AD2d 1058, lv denied 78 NY2d 853). Because petitioner's noncustodial statement during an interview by a superior officer was not illegally obtained, there is no merit to his claim that respondent's violation of his constitutional rights mandates its exclusion (cf., Matter of Boyd v Constantine, 180 AD2d 186).

We also find no merit to petitioner's contention that his statement was inadmissible because he was not Mirandized before the interview (see, 1988-1991 Police Benevolent Association [PBA] Agreement § 16.2 [A] [1]) and because the interview was not recorded (see, PBA Agreement § 16.2 [A] [9]). The record establishes that petitioner's interview was an "ordinary