■ In the Matter of BU 91-04-1356A, BU 91-09-3151A, BU 91-09-3154A, BU 91-09-3153A and BU 92-01-0194A. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see, Public Serv. Truck Renting v Ambassador Ins. Co.,* 136 AD2d 911). (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Quash Subpoena Duces Tecum.) Present—Denman, P. J., Green, Balio, Boehm and Davis, JJ.

■ In the Matter of BU 91-04-1356A, BU 91-09-3151A, BU 91-09-3154A, BU 91-09-3153A and BU 92-01-0194A. (Appeal No. 2.)—Order unanimously affirmed with costs. Memorandum: Petitioner, a physician specializing in ophthalmology, appeals from an order directing him to comply with a subpoena duces tecum requiring the production of his complete medical records of five patients. There is no merit to petitioner's contention that the Committee on Professional Conduct lacked a good faith justification for the issuance of the subpoena *(see, Matter of Levin v Murawski,* 59 NY2d 35, 41-42; *Matter of Levin v Guest,* 112 AD2d 830, *affd* 67 NY2d 629, *cert denied* 476 US 1171). The materials submitted for in camera review by Supreme Court contain a sufficient basis for further investigation and the issuance of the subpoena duces tecum *(see, Matter of BU 90-09-2400,* 184 AD2d 1028).

Also without merit is petitioner's contention that, because no witness fee was tendered, Supreme Court erred in directing compliance with the subpoena duces tecum. CPLR 2303 and 8001 (a) require the payment of a witness fee and travel expenses in any case where a person's attendance is compelled by subpoena. The subject subpoena was issued in furtherance

of a prehearing investigation being conducted by the State Board of Professional Medical Conduct. Although the Board's Executive Secretary possessed the statutory authority to compel the production of records and the attendance of the witness *(see,* Public Health Law § 230 [10] [k]), the subject subpoena commands only the production of medical records at the Board's office in Buffalo. Petitioner's attendance is not required, and we conclude that the Board, under that circumstance, is not obliged to pay the statutory witness fee or travel expenses. (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Reargument/Resettlement.) Present—Denman, P. J., Green, Balio, Boehm and Davis, JJ.