■ In the Matter of CHARLES R. LEPLEY, Appellant, v STATE OF NEW YORK DEPARTMENT OF HEALTH, OFFICE OF PROFESSIONAL MEDICAL CONDUCT, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (William P. McCooe, J.), entered July 17, 1992, which, in a proceeding pursuant to CPLR article 78 challenging respondents' direction that petitioner submit to a psychiatric exami-

nation, granted respondents' motion to dismiss the petition, unanimously affirmed, without costs.

In the course of an investigation into whether petitioner, a licensed physician, is impaired by mental disability, respondents directed him to submit to a psychiatric examination. Petitioner then brought this proceeding to "enjoin" respondents "from continuing their current actions". Such relief does not lie since respondents are authorized under Public Health Law § 230 (7) to direct licensees to submit to such examinations. Nor does prohibition lie as a means of seeking collateral review of a mere error of law in the administrative process, no matter how egregious that error might be *(Matter of Doe v Axelrod,* 71 NY2d 484, 490).

We would further note that in compliance with the procedure approved by us in *Matter of Levin v Guest* (112 AD2d 830, *affd* 67 NY2d 629, *cert denied* 476 US 1171), respondents submitted for the court's *in camera* review an affidavit setting forth the nature of the complaints received, accompanied by the complete documentary support therefor. Supreme Court rejected this submission with the observation that "[i]t was not necessary for the Court to look at the material submitted in camera since it is not relevant to the issue before me."

In affirming their order we do not sustain this conclusion that these records, the confidentiality of which is statutorily mandated (Public Health Law § 230 [10] [a] [v]; [11] [a]) should have been treated as irrelevant. On the contrary, upon our examination thereof, we find they provide the "minimum threshold foundation" *(Matter of Levin v Guest,* 112 AD2d, *supra,* at 831) for permitting respondents to proceed with the highly invasive relief sought, namely, an unrestricted psychiatric examination of petitioner. Concur—Sullivan, J. P., Carro, Wallach, Asch and Rubin, JJ.