KATHLEEN TANNER, as Director of the Office of Professional Medical Conduct of the New York State Department of

Health, Respondent, v Dr. A., Appellant. [644 NYS2d 20]

The motion court properly exercised its discretion to review the material offered by petitioner in support of the subpoena in camera and without disclosure to respondent (*see, Matter of Levin v Murawski*, 59 NY2d 35, 42, n 4; *Matter of Levin v Guest*, 112 AD2d 830, *affd* 67 NY2d 629, *cert denied* 476 US 1171; *Atkins v Guest*, 201 AD2d 411; *Halper v State Bd. for Professional Med. Conduct*, 151 AD2d 643). We do not construe the requirement that an application such as this be "in writing, on notice to the licensee" (Public Health Law § 230 [10] [o]), or the right given the licensee to submit comments to the investigation committee (Public Health Law § 230 [10] [a] [iii]), as superseding of the statute and requiring disclosure of materials submitted to the court in camera. *Matter of McBarnette v Sobol* (83 NY2d 333), where the licensee sought information for the purpose of cross-examining complainants who had already testified at a hearing and were known to the licensee, is distinguishable. Nor can confidentiality be waived by the complainant (*Atkins v Guest, supra*, at 412). The petition sufficiently established a reasonable basis for conducting a CMR and the relevancy of the record sought. We have reviewed respondent-appellant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.